# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

HOME FOR THE AGED OF THE LITTLE SISTERS OF THE POOR, HOME FOR THE AGED OF THE LITTLE SISTERS OF THE POOR OF THE CITY OF NY INC., NIAGARA LUTHERAN DEVELOPMENT, INC, KENNEDY PAVILION RH LLC, DEWITT REHABILITATION AND NURSING CENTER INC., KFG OPERATING TWO LLC, FAIRVIEW NURSING CARE CENTER, INC., OXFORD NURSING HOME INC, 150 RIVERSIDE OP LLC, SHOREFRONT OPERATING, LLC, RIVER MANOR CORP., BORO PARK OPERATING CO, LLC, WILLOUGHBY REHABILITATION & HEALTHCARE CENTER LLC, FSNR SNF, LLC, KFG OPERATING I LLC, COBBLE HILL HEALTH CENTER, INC., SHEEPSHEAD NURSING & REHABILITATION CENTER, LLC, ELMHURST CARE CENTER INC., AUTUMN VIEW HEALTH CARE FACILITY, LLC, SV OPERATING THREE LLC, STATEN ISLAND CARE CENTER LLC, JOPAL BRONX, LLC, PARK AVE OPERATING COMPANY, LLC, PALJR, LLC, THROGS NECK OPERATING CO., LLC, ALLIANCE HEALTH OPERATIONS, LLC, DOJ OPERATIONS ASSOCIATES LLC, REGEIS CARE CENTER, LLC, BELLHAVEN MANAGEMENT LLC, S&J OPERATIONAL LLC, HOLLISWOOD OPERATING CO, LLC, BEZALEL NURSING HOME COMPANY, DELAWARE OPERATIONS ASSOCIATES LLC, NORTHERN RIVERVIEW HEALTH CARE CENTER, LLC, WEST LAWRENCE CARE CENTER, LLC, PARK TERRACE CARE CENTER INC, MORNINGSIDE ACQUISITION I LLC, NASSAU OPERATING CO. LLC, LACONIA NURSING INC., KPRH IV OPERATIONS, LLC, HIGHLAND CARE CENTER, DUMONT OPERATING LLC, NISKAYUNA OPERATING CO., LLC, WOODCREST REHABILITATION AND RESIDENTIAL HEALTH CARE CENTER LLC, THE NURSING CARE CENTER AT MEDFORD, INC., SGRNC LLC, HAMPTON NH LLC, DUNKIRK OPERATING, LLC, DRY HARBOR HRF INC, NORTHERN MANHATTAN NURSING HOME INC, S&L BIRCHWOOD LLC, MLAP ACQUISITION I, LLC, SMITHTOWN HEALTH CARE MANAGEMENT, LLC, CATSKILL CROSSINGS, LLC, SHORE VIEW ACQUISITION I, LLC, GRANDELL REHABILITATION AND NURSING CENTER INC, PARKVIEW CARE AND REHABILITATION CENTER, MEADOWBROOK CARE CENTER INC., OPTIMA CARE SMITHTOWN LLC, CLR SCHENECTADY LLC, MANHATTANVILLE SBV LLC,  BAY PARK CENTER FOR NURSING & REHABILITATION, LLC, OCEAN GARDENS

**COMPLAINT**

1:21−cv−01384 (BKS/CFH)

NURSING FACILITY, INC., ST. JOHNSVILLE REHABILITATION AND NURSING CENTER INC., FOREST VIEW NURSING HOME, INC., GOLD CREST CARE CENTER, SALEM ACQUISITION I LLC, RALEX SERVICES, PROSPECT PARK OPERATING LLC, QUEENS BOULEVARD EXTENDED CARE FACILITY MANAGEMENT LLC, SENECA NURSING & REHABILITATION CENTER, LLC, QUEENS NASSAU NURSING HOME INC., WATERFRONT OPERATIONS ASSOCIATES LLC, NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY LLC, WATERVIEW ACQUISITION I LLC, MAPLEWOOD NURSING HOME, INC., FULTON OPERATIONS ASSOCIATES LLC, SCHNUR OPERATIONS ASSCOIATES LLC, CONCOURSE REHABILITATION & NURSING CENTER INC., CARDIFF BAY CENTER, LLC, CONCORD NURSING HOME INC, CORTLANDT OPERATIONS LLC, PARAGON MANAGEMENT SNF, LLC, WARTBURG RECEIVER LLC, ROCKAWAY OPERATIONS ASSOCIATES LLC, SEA CREST ACQUISITION I, LLC, WEDGEWOOD CARE CENTER INC, STEUBEN OPERATIONS ASSOCIATES LLC, KING STREET HOME, INC., MASSAPEQUA CENTER LLC, PARK GARDENS REHABILITATION & NURSING CENTER, LLC, LONG ISLAND CARE CENTER INC., OCEANVIEW NURSING AND REHABILITATION CENTER LLC, ROME CENTER LLC, NYACK OPERATING LLC, HARRIS HILL NURSING FACILITY, LLC, TERRACE ACQUISITION II, LLC, CNH OPERATING LLC, OAKWOOD OPERATING CO., LLC, ONTARIO OPERATIONS ASSOCIATES LLC, CONESUS LAKE NURSING HOME, LLC, PORT CHESTER OPERATING LLC, OPTIMA CARE WHITE PLAINS LLC, BRONX CENTER FOR REHABILITATION AND HEALTHCARE LLC, UNION PLAZA NURSING HOME INC., OASIS REHABILITATION AND NURSING LLC, OPTIMA CARE LITTLE NECK LLC, WELLSVILLE MANOR LLC, ABRAHAM OPERATIONS ASSOCIATES LLC, TEN BROECK CENTER FOR REHABILITATION AND NURSING, 4800 BEAR ROAD OPERATING COMPANY, LLC, PINE HAVEN OPERATING LLC, ESSEX OPERATIONS ASSOCIATES LLC, GUILDERLAND OPERATOR, LLC, NORWEGIAN CHRISTIAN HOME AND HEALTH CENTER, AMERIFALLS, LLC, TOWNHOUSE OPERATING CO., LLC, BARNWELL OPERATIONS ASSOCIATES, LLC, LEONARD RUSS & LINDA MEYER RUSS, PARTNERS, ATLANTICARE MANAGEMENT LLC, BERKSHIRE NURSING HOME LLC, PROSPECT ACQUISITION I LLC, BETHANY OPERTAING CO. LLC, GRAND MANOR HEALTH RELATED FACILITY, INC., ST. MARKS BROOKYLN ASSOCIATES L.L.C., THE CENTER FOR REHABILITATION AND HEALTHCARE AT

DUTCHESS, LLC, SUTTON PARK CENTER FOR NURSING AND REHABILITATION, LLC, PARK MANOR ACQUISITION II, LLC, FIELDSTON OPERATING LLC, PAVILLION OPERATIONS LLC, SUSQUEHANNA NURSING & REHABILITATION CENTER LLC, 225 BENNETT ROAD OPERATING COMPANY, LLC, HARLEM CENTER FOR NURSING AND REHABILITATION, LLC, SUFFOLK CENTER RECEIVER, LLC, 1818 COMO PARK BOULEVARD OPERATING COMPANY, LLC, NEW YORK REHABILITATION CARE MGMT, LLC, BRIDGEWATER CENTER FOR REHABILITATION AND NURSING, LLC, HUDSON WIDE HEALTHCARE, EASTCHESTER REHABILITATION & HEALTH CARE CENTER, HRNC, LLC, SKY VIEW REHABILITATION AND HEALTH CARE CENTER LLC, WESTGATE OPERATIONS ASSOCIATES LLC, L&A OPERATIONAL LLC, ROCKAWAY CARE CENTER, LLC, NORTHERN METROPOLITAN RESIDENTIAL HEALTH CARE, CPRNC, LLC, HIGHLAND NURSING HOME, INC., OAK HILL OPERATING CO LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ALLEGANY LLC, CLR CARTHAGE LLC, WILLIAMSBURG SERVICES, LLC, OTSEGO SNF OPERATIONS ASSOCIATES LLC, GOLDEN GATE REHABILITATION AND HEALTH CARE CENTER LLC, 185 OLD MILITARY ROAD OPERATING COMPANY, LLC, DITMAS PARK REHABILITATION & CARE CENTER LLC, JSSG HEALTHCARE, LLC, 2600 NIAGARA FALLS BOULEVARD OPERATING COMPANY, LLC, CHITTENANGO CENTER, LLC, CCRNC, LLC, CGSR, INC., THE BRIGHTONIAN, INC., CSRNC, LLC, SUNNYSIDE CARE CENTER LLC, COSDEN LLC, WINDSOR PARK NURSING HOME LLC, OCEANSIDE CARE CENTER INC, ORNC LLC, WASHINGTON OPERATIONS ASSOCIATES LLC, HAVEN MANOR HEALTH CARE CENTER LLC, SUNSET NURSING AND REHABILITATION, INC., NEW VANDERBILT REHABILITATION AND CARE CENTER INC., KINGSWAY ARMS NURSING CENTER INC., UTICA OPERATIONS ASSOCIATES LLC, EXCEL AT WOODBURY FOR REHABILITATION AND NURSING, LLC, ECRNC, LLC, UNIVERSITY NURSING HOME, LLC, NEWARK MANOR NURSING HOME, INC., AVON NURSING HOME, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT GASPORT LLC, SURGE REHABILITATION AND NURSING, LLC, HILLSIDE MANOR REHABILITATION AND EXTENDED CARE CENTER LLC, CARILLON NURSING AND REHABILITATION CENTER, LLC, VALLEY VIEW MANOR, LLC, MAXIMUS 909 OPERATIONS, LLC, IR OPERATIONS ASSOCIATES LLC, 2850 GRAND ISLAND BOULEVARD OPERATING COMPANY, LLC, HOLLIS PARK MANOR NURSING HOME INC., TROY DIAMOND

3

OPERATING LLC, COLONIAL PARK REHABILITATION AND NURSING CENTER, CLR GLENS FALLS LLC, NEW GLEN OAKS NURSING HOME, INC., CLR TROY LLC, BRONX HARBOR HEALTH CARE COMPLEX, INC., 5775 MAELOU DRIVE OPERATING COMPANY, LLC,   4459 BAILEY AVENUE OPERATING COMPANY, LLC,  MONTGOMERY OPERATING CO LLC, CLR NEW PALTZ LLC, WOODSIDE MANOR NURSING HOME, INC., WESLEY GARDENS CORPORATION, PARK NURSING HOME, LLC, NORTHGATE HEALTH CARE FACILITY, LLC, GARDEN GATE HEALTH CARE FACILITY, LLC, EAST HAVEN NURSING AND REHABILITATION CENTER, LLC, WILLIAMSBRIDGE MANOR NURSING HOME, LLC, HORNELL GARDENS,   LLC,   SUNHARBOR   ACQUISITION   I,   LLC, WATERVIEW NURSING CARE CENTER INC., CLR MINOA LLC, LATTA ROAD NURSING HOME WEST, LLC, FOLTSCARE LLC, CLR GRANVILLE LLC, EAST NORTHPORT RESIDENTIAL HEALTH   CARE   FACILITY,   INC.,        ROSCOE   REGIONAL HEALTHCARE, LLC, EAST SIDE NURSING HOME INC., REGO PARK NH LTD, 170 WEST AVENUE OPERATING COMPANY, LLC, PONTIAC NURSING HOME, FOREST HILLS CARE CENTER LLC, 37 NORTH CHEMUNG STREET OPERATING COMPANY, LLC, MORRIS PARK REHABILITATION & NURSING CENTER LLC, ELCOR OPERATING COMPANY, LLC, OZONE ACQUISITION LLC, NEW CARLTON REHABILITATION & NURSING CENTER LLC, HILAIRE FARM SKILLED LIVING & REHABILITATION CENTER, LLC, MEADOW PARK REHABILITATION AND HEALTH CARE CENTER LLC, ILF OPERATING LLC, CEDAR MANOR ACQUISITION I LLC, BETSY ROSS REHABILITATION CENTER, INC., RSRNC, LLC, HUDSON VIEW NURSING HOME S CORP, 112 SKI BOWL ROAD OPERATING COMPANY, LLC, LATTA ROAD NURSING HOME EAST, LLC, YONKERS GARDENS, PENFIELD PLACE, LLC, UTICA CROSSINGS, LLC, SAINTS JOACHIM AND ANNE   NURSING   AND   REHABILITATION   CENTER,   THE HURLBUT, LLC, TREETOPS REHABILITATION & CARE CENTER, LLC,   NEW   YORK   STATE   HEALTH   CARE   FACILITIES ASSOCIATION, INC., GREATER NEW YORK HEALTH CARE FACILITIES   ASSOCIATION,   and   SOUTHERN   NEW   YORK ASSOCIATION, INC.,

*Plaintiffs,*

-against-

MARY T. BASSETT, M.D., M.P.H., in her official capacity as Commissioner of Health of the State of New York,

---

*Defendant.*

---

Plaintiffs, by their attorneys, O'Connell and Aronowitz, P.C., respectfully allege as follows:

## <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as Plaintiffs' claim arise under 42 U.S.C. § 1983, the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as the Supremacy Clause (Art. VI, cl. 2) and the inherent equity powers of this Court pursuant to *Ex Parte Young*, 209 U.S. 123 (1908). The declaratory relief that Plaintiffs seek is available under 28 U.S.C. §§ 2201 and 2202, and the Federal Rule of Civil Procedure 57.

2.      This Court has jurisdiction to order prospective relief in the form of a declaratory judgment and/or injunction against the Defendant, the Commissioner of Health in her official capacity as an officer of the State of New York

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as this Court is sited in the judicial district where the Defendant resides and where a substantial part of the events giving rise to Plaintiffs' claims have occurred, are now occurring, or will occur in the future. Some of the Plaintiffs' nursing homes' and one of the Plaintiff trade associations' members are situated in this district and are affected, and they or their members will continue to be affected, by the harms sought to be remedied in this action**.**

## NATURE OF THIS PROCEEDING

4.     Plaintiffs, the operators of over 250 nursing homes located in and licensed by the State of New York, together with three major trade associations representing those and other facilities, bring this action under the authority of *Ex Parte Young* 209 U.S. 123, 28 S. Ct. 441 (1908) and 42 U.S.C. § 1983 seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202, to (a) declare unconstitutional, both facially and/or as applied, Section 2828 of the Public Health Law of the State of New York, enacted pursuant to Chapter 57 of the Laws of 2021 of the State of New York, and (b) enjoin permanently the hereinafter named Defendant Commissioner of Health of the State of New York from implementing its provisions.

5.     As part of the enactment of the New York State Budget for State Fiscal Year 2021-22 (April 1, 2021 through March 31, 2022) Section 2828 was passed by the New York State Legislature on April 6, 2021, and signed into law by Governor Andrew Cuomo on April 19, 2021, as Section 1 of Part GG of Chapter 57 of the Laws of 2021 of the State of New York.

6.     Section 2828 directs the New York State Department of Health ("DOH") to adopt regulations to take effect on January 1, 2022 which provide that:

- Regardless of the quality of care a nursing home provides, a nursing home must spend at least 70% of the gross revenues it receives in any year on direct patient care, 40% of which must be spent on direct "resident-facing" staff;

- Regardless of the quality of care a nursing home provides or whether it sustained losses in prior years or whether it has a positive or negative net worth, DOH will confiscate any nursing home's profits (or surplus for not-for-profit nursing homes) that

exceed 5% in any year even if a nursing home complies with the 70% / 40% spending mandate;

- Gross revenues include revenue received by nursing homes for providing patient care from all payor sources – including the New York State Medicaid Program, the Federal Medicare program, private payors and third-party health insurance carriers;

- Regardless of the quality of care provided by a nursing home, in determining whether a nursing home meets the 70% / 40% spending ratio, any expenditures made by a nursing home to hire staff through a nurse and nurses' aides staffing agencies to meet staffing requirements – as distinguished from payments to full-time employees – will be discounted by 15%, regardless of the difficulty in meeting staffing requirements in the midst of a serious industry-wide and well-documented staffing shortage;

- Nursing homes that fail to meet the annual 70% / 40% spending ratio, or whose profits (surplus) exceed 5%, will be required to pay any such spending shortfall or excess profits, as the case may be, to DOH by no later than November of the following year;

- All funds confiscated by DOH pursuant to § 2828 will then be deposited into a "quality pool" to enhance the Medicaid reimbursement rates of certain nursing homes; and

- In order to implement the statute (Section 2828), DOH must seek approval of a Medicaid State Plan Amendment ("SPA") from the Centers for Medicare and Medicaid Services ("CMS") within the U.S. Department of Health and Human Services (HHS).

7.      Based on the most recent cost report data made available from DOH, if the 5% profit cap and 70% / 40% spending ratios had been in effect and applied to nursing homes in New York State in 2019, the aggregate amount such facilities would have had to pay back to New York State would be approximately $824 million, of which approximately $313 million would be attributable to the 5% profit/surplus cap spread among 176 facilities including over $20 million from not-for-profit facilities. Approximately $511 million would be attributable to the 70% / 40% spending mandate spread among 334 facilities, including over $60 million from not-for-profit facilities.  Of the approximately $313 million that would have been taken back because of the 5% profit cap had this methodology been in place in 2019, approximately $230 million would have been taken from facilities that DOH itself recognized as "quality providers" under New York State's Medicaid reimbursement methodology.  Of the approximately $511 million that would have been taken back because of the 70% / 40% spending mandate, approximately $108 million would have been taken from facilities that DOH itself recognized as "quality providers" under New York State's Medicaid reimbursement methodology.  As more fully set forth in Paragraph "270" of this Complaint, New York State defines "quality providers" as those who finish in the top three quintiles of all nursing homes in the State based on certain performance measures adopted by the New York State Department of Health pursuant to regulation in section 86-2.42 of Title 10 of the Official Compilation of Rules and Regulations of the State of New York (10 N.Y.C.R.R. 86-2.42).

8.      Despite the fact that as of the date of the filing of this Complaint, over six months have elapsed since § 2828 was enacted into law, DOH has failed to adopt regulations to implement

the statute as required by the law itself, notwithstanding the fact that the Plaintiff nursing homes will have to comply with the statute's mandate as of January 1, 2022, the statute's effective date.

9.      Absent an emergency, the New York State Administrative Procedure Act ("SAPA") requires that before state agencies, such as DOH, adopt regulations, they must publish them in proposed form in the New York State Register (New York State's counterpart to the U.S. Government's Federal Register), and provide a 60-day period for the public, including interested stakeholders like Plaintiffs, to comment on the proposed regulations before they can be adopted.

10.      If an agency chooses not to revise the regulations based on the comments received, it still must formally adopt the regulations before they can legally be in effect which can be done not less than 60 days after their initial publication.

11.      If, however, after receiving and reviewing comments, an agency chooses instead to make material revisions to the proposed regulations, it must publish the revised regulations and afford the public an additional 45 days to comment before the agency can formally adopt the regulations.

12.      If the regulations are not adopted and in effect as of January 1, 2022, Plaintiffs will be operating without any regulatory guidance they would otherwise receive from regulations that, when adopted, will be applied retroactively to them.  In the meantime, they will have to manage their staffing and operating budgets without such guidance.

13.      In addition to DOH's failure to adopt regulations, as of the date of this Complaint, DOH has yet to apply for – let alone receive approval of - a Medicaid State Plan Amendment (SPA) with the Centers for Medicare and Medicaid Services, as required by § 1902(a) of the Social

Security Act (42 U.S.C. § 1396a(a) and Title 42 of the Code of Federal Regulations, Part 447, Subpart C (42 C.F.R. 447).

14.     Section 2828 is unconstitutional and/or otherwise illegal for the following reasons:

(a)     It is invalid under the Fifth and Fourteenth Amendments to the United States Constitution because it effects an unconstitutional taking of Plaintiffs' private property for a public purpose, by confiscating Plaintiffs' profits (surplus) and funds received from other private sources;

(b)     It is invalid under the Supremacy Clause of the United States Constitution because (i) it illegally superimposes obligations on the way facilities must spend money they have received or will receive from the Federal Government under the Medicare program for services already rendered to Medicare-eligible patients that are not paid for with state funds; and (ii) in order to subsidize New York State's Medicaid program, it confiscates federal Medicare dollars meant to reimburse Plaintiffs;

(c)     It is invalid under the Eighth and Fourteenth Amendments to the United States Constitution because it excessively fines nursing homes that provide quality care simply for making a profit or not meeting an arbitrary spending mandate, neither of which serves a remedial purpose;

(d)     It is invalid as a violation of substantive due process and the equal protection clauses of the Fourteenth Amendment to the United States Constitution, as there is no relationship between the goals Section 2828 seeks to achieve (enhanced quality of care) and the means of achieving that objective by imposing penalties on facilities that are nevertheless in compliance with applicable laws and regulations and many of which

currently receive enhancements to their Medicaid rates because they are recognized as quality providers.

(e)    It is invalid under the Supremacy Clause of the United States Constitution because it is preempted by and interferes with the purposes and goals of the National Labor Relations Act [29 U.S.C. § 151 et seq.], insofar as it attempts to affect the terms and conditions of employment (wages and staffing) covered under collective bargaining agreements entered into by Plaintiffs with their unions and employees; and it coerces the Plaintiffs into unnecessarily spending funds even after they have met quality standards imposed by law or regulation.

(f)    DOH has failed to obtain the prior approval of a State Plan Amendment from CMS for the implementation of § 2828.

## PARTIES

### Plaintiffs

15.    All the Plaintiff nursing homes hereinafter named participate in the Medicare program and are reimbursed by the Federal Government for the care they provide to residents eligible for nursing home care under such program at rates established by the Federal government.

16.    Plaintiff, HOME FOR THE AGED OF THE LITTLE SISTERS OF THE POOR, a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name Queen Of Peace Residence, located at 110-30 221st Street, Queens Village, New York, 11429-2531.  At all relevant times, Plaintiff, Home for the Aged of the Little Sisters of the Poor, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Home for the Aged of the Little Sisters of the Poor, would

have been assessed a penalty of $2,004,385, of which $657,501 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,346,884 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Home for the Aged of the Little Sisters of the Poor was placed in the third quintile.

17.     Plaintiff, HOME FOR THE AGED OF THE LITTLE SISTERS OF THE POOR OF THE CITY OF NY INC., a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name Jeanne Jugan Residence, located at 2999 Shurz Avenue, Bronx, New York, 10465.  At all relevant times, Plaintiff, Home for the Aged of the Little Sisters of the Poor of the City of NY Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Home for the Aged of the Little Sisters of the Poor of the City of NY Inc., would have been assessed a penalty of $159,554, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Home for the Aged of the Little Sisters of the Poor of the City of NY Inc. was placed in the first quintile.

18.     Plaintiff, NIAGARA LUTHERAN DEVELOPMENT, INC, a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name GreenField Health & Rehabilitation Center, located at 5949 Broadway, Lancaster, New York, 14086-9523.  At all relevant times, Plaintiff, Niagara Lutheran Development, Inc, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Niagara Lutheran Development, Inc, would have been assessed a penalty

of $5,007,483, of which $4,493,706 is attributable to the amount the State would have confiscated under the 5% profits cap and $513,777 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Niagara Lutheran Development, Inc was placed in the second quintile.

19.     Plaintiff, KENNEDY PAVILION RH LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name The Pavilion at Queens for Rehabilitation & Nursing, located at 36-17 Parsons Blvd, Flushing, New York, 11354-5931.  At all relevant times, Plaintiff, Kennedy Pavilion RH LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Kennedy Pavilion RH LLC, would have been assessed a penalty of $13,080,445, of which $4,282,587 is attributable to the amount the State would have confiscated under the 5% profits cap and $8,797,858 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Kennedy Pavilion RH LLC was placed in the second quintile.

20.     Plaintiff, DEWITT REHABILITATION AND NURSING CENTER INC., a corporation, operates a nursing home licensed by the State of New York under the name Upper East Side Rehabilitation and Nursing Center Inc., located at 211 East 79th Street, New York, New York, 10021-0819.  At all relevant times, Plaintiff, Dewitt Rehabilitation and Nursing Center Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Dewitt Rehabilitation and Nursing Center Inc., would have

been assessed a penalty of $12,910,436 attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Dewitt Rehabilitation and Nursing Center Inc. was placed in the fourth quintile.

21.     Plaintiff, KFG OPERATING TWO LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name KFG Operating Two, located at 1740 84th Street, Brooklyn, New York, 11214-2825.  At all relevant times, Plaintiff, KFG Operating Two LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, KFG Operating Two LLC, would have been assessed a penalty of $12,012,402, of which $7,195,466 is attributable to the amount the State would have confiscated under the 5% profits cap and $4,816,936 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, KFG Operating Two LLC was placed in the third quintile.

22.     Plaintiff, FAIRVIEW NURSING CARE CENTER, INC., a corporation, operates a nursing home licensed by the State of New York under the name Fairview Nursing Care Center, located at 6970 Grand Central Parkway, Forest Hills, New York, 11375.  At all relevant times, Plaintiff, Fairview Nursing Care Center, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Fairview Nursing Care Center, Inc., would have been assessed a penalty of $11,831,758, of which $6,311,893 is attributable to the amount the State would have confiscated under the 5% profits cap and $5,519,865 is attributable to a penalty assessed under the 70%/40% spending mandate, and in

the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Fairview Nursing Care Center, Inc. was placed in the third quintile.

23.     Plaintiff, OXFORD NURSING HOME INC, a corporation, operates a nursing home licensed by the State of New York under the name Oxford Nursing Home Inc, located at 144 South Oxford Street, Brooklyn, New York, 11217.  At all relevant times, Plaintiff, Oxford Nursing Home Inc, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Oxford Nursing Home Inc, would have been assessed a penalty of $11,073,085, of which $6,906,263 is attributable to the amount the State would have confiscated under the 5% profits cap and $4,166,822 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Oxford Nursing Home Inc was placed in the second quintile.

24.     Plaintiff, 150 RIVERSIDE OP LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Riverside, located at 150 Riverside Drive, New York, New York, 10024.  At all relevant times, Plaintiff, 150 Riverside OP LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 150 Riverside OP LLC, would have been assessed a penalty of $10,910,444, of which $3,865,455 is attributable to the amount the State would have confiscated under the 5% profits cap and $7,044,989 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 150

Riverside OP LLC was placed in the fourth quintile.

25.     Plaintiff, SHOREFRONT OPERATING, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Seagate Rehabilitation and Nursing Center, located at 3015 W 29 Street, Brooklyn, New York, 11224.  At all relevant times, Plaintiff, Shorefront Operating, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Shorefront Operating, LLC, would have been assessed a penalty of $9,296,171, of which $3,206,494 is attributable to the amount the State would have confiscated under the 5% profits cap and $6,089,676 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Shorefront Operating, LLC was placed in the third quintile.

26.     Plaintiff, RIVER MANOR CORP., a corporation, operates a nursing home licensed by the State of New York under the name Atrium Center for Rehabilitation & Nursing, located at 611 E 103rd Street, Brooklyn, New York, 11236.  At all relevant times, Plaintiff, River Manor Corp., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, River Manor Corp., would have been assessed a penalty of $8,758,952, of which $2,113,120 is attributable to the amount the State would have confiscated under the 5% profits cap and $6,645,832 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, River Manor Corp. was placed in the first quintile.

27.     Plaintiff, BORO PARK OPERATING CO, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Boro Park Center for Rehabilitation & Health Care, located at 4915 10th Avenue, Brooklyn, New York, 11219-3301.  At all relevant times, Plaintiff, Boro Park Operating Co, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Boro Park Operating Co, LLC, would have been assessed a penalty of $8,640,255 attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Boro Park Operating Co, LLC was placed in the fifth quintile.

28.     Plaintiff, WILLOUGHBY REHABILITATION & HEALTHCARE CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Spring Creek Rehabilitation, located at 660 Louisiana Avenue, Brooklyn, New York, 11239-1526.  At all relevant times, Plaintiff, Willoughby Rehabilitation & Healthcare Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Willoughby Rehabilitation & Healthcare Center LLC, would have been assessed a penalty of $7,952,802, of which $3,277,964 is attributable to the amount the State would have confiscated under the 5% profits cap and $4,674,837 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Willoughby Rehabilitation & Healthcare Center LLC was placed in the fourth quintile.

29.     Plaintiff, FSNR SNF, LLC, is a limited liability company that operates a nursing

home licensed by the State of New York under the name Four Seasons Nursing & Rehabilitation Center, located at 1555 Rockaway Pkwy, Brooklyn, New York, 11236-4098.  At all relevant times, Plaintiff, FSNR SNF, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, FSNR SNF, LLC, would have been assessed a penalty of $7,731,029 attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, FSNR SNF, LLC was placed in the second quintile.

30.     Plaintiff, KFG OPERATING I LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name KFG Operating I, located at 155 Dean Street, Brooklyn, New York, 11217-2213.  At all relevant times, Plaintiff, KFG Operating I LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, KFG Operating I LLC, would have been assessed a penalty of $7,657,012, of which $3,718,594 is attributable to the amount the State would have confiscated under the 5% profits cap and $3,938,417 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, KFG Operating I LLC was placed in the fifth quintile.

31.     Plaintiff, COBBLE HILL HEALTH CENTER, INC., a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name Cobble Hill Health Center, located at 380 Henry Street, Brooklyn, New York, 11201.  At all relevant times, Plaintiff, Cobble Hill Health Center, Inc., participated in New York's Medicaid program. Based on its

revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Cobble Hill Health Center, Inc., would have been assessed a penalty of $7,541,639, of which $2,743,601 is attributable to the amount the State would have confiscated under the 5% profits cap and $4,798,038 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Cobble Hill Health Center, Inc. was placed in the second quintile.

32.    Plaintiff, SHEEPSHEAD NURSING & REHABILITATION CENTER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Sheepshead Nursing & Rehabilitation Center, LLC, located at 2840 Knapp Street, Brooklyn, New York, 11235.  At all relevant times, Plaintiff, Sheepshead Nursing & Rehabilitation Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Sheepshead Nursing & Rehabilitation Center, LLC, would have been assessed a penalty of $7,128,684, of which $4,252,974 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,875,710 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Sheepshead Nursing & Rehabilitation Center, LLC was placed in the fourth quintile.

33.    Plaintiff, ELMHURST CARE CENTER INC., a corporation, operates a nursing home licensed by the State of New York under the name Elmhurst Care Center, located at 100-17 23rd Avenue, East Elmhurst, New York, 11369-1305.  At all relevant times, Plaintiff, Elmhurst

Care Center Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Elmhurst Care Center Inc., would have been assessed a penalty of $7,088,628, of which $3,146,508 is attributable to the amount the State would have confiscated under the 5% profits cap and $3,942,120 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Elmhurst Care Center Inc. was placed in the fifth quintile.

34.     Plaintiff, AUTUMN VIEW HEALTH CARE FACILITY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Autumn View Health Care Facility, located at S4650 Southwestern Blvd, Hamburg, New York, 14075-1939.  At all relevant times, Plaintiff, Autumn View Health Care Facility, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Autumn View Health Care Facility, LLC, would have been assessed a penalty of $7,032,314, of which $3,492,150 is attributable to the amount the State would have confiscated under the 5% profits cap and $3,540,164 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Autumn View Health Care Facility, LLC was placed in the first quintile.

35.     Plaintiff, SV OPERATING THREE LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Richmond Center for Rehabilitation and Specialty Care, located at 91 Tompkins Avenue, Staten Island, New York, 10304-2601.  At all relevant times, Plaintiff, SV Operating Three LLC, participated in New York's

Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, SV Operating Three LLC, would have been assessed a penalty of $6,314,665 attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, SV Operating Three LLC was placed in the fourth quintile.

36.     Plaintiff, STATEN ISLAND CARE CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Staten Island Care Center, located at 200 Lafayette Avenue, Staten Island, New York, 10301.  At all relevant times, Plaintiff, Staten Island Care Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Staten Island Care Center LLC, would have been assessed a penalty of $6,258,892, of which $1,525,123 is attributable to the amount the State would have confiscated under the 5% profits cap and $4,733,769 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Staten Island Care Center LLC was placed in the fourth quintile.

37.     Plaintiff, JOPAL BRONX, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Workmens Circle Multicare Center, located at 3155 Grace Avenue, Bronx, New York, 10469-3134.  At all relevant times, Plaintiff, Jopal Bronx, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Jopal Bronx, LLC, would have been assessed a penalty of $6,241,806 attributable to a penalty assessed under the 70%/40%

spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Jopal Bronx, LLC was placed in the third quintile.

38.     Plaintiff, PARK AVE OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Park Avenue Extended Care Facility, located at 425 National Blvd, Long Beach, New York, 11561-2031.  At all relevant times, Plaintiff, Park Ave Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Park Ave Operating Company, LLC, would have been assessed a penalty of $6,101,439, of which $3,321,061 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,780,379 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Park Ave Operating Company, LLC was placed in the first quintile.

39.     Plaintiff, PALJR, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name East Neck Nursing & Rehabilitation Center, located at 134 Great East Neck Road, West Babylon, New York, 11704-8027.  At all relevant times, Plaintiff, PALJR, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, PALJR, LLC, would have been assessed a penalty of $5,928,269 attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, PALJR, LLC was

placed in the fifth quintile.

40.     Plaintiff, THROGS NECK OPERATING CO., LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Throgs Neck Rehabilitation & Nursing Center, located at 707 Throgs Neck Expressway, Bronx, New York, 10465-2319.  At all relevant times, Plaintiff, Throgs Neck Operating Co., LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Throgs Neck Operating Co., LLC, would have been assessed a penalty of $5,868,198, of which $3,476,753 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,391,444 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Throgs Neck Operating Co., LLC was placed in the third quintile.

41.     Plaintiff, ALLIANCE HEALTH OPERATIONS, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Linden Center for Nursing and Rehabilitation, located at 2237 Linden Blvd, Brooklyn, New York, 11207-7527.  At all relevant times, Plaintiff, Alliance Health Operations, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Alliance Health Operations, LLC, would have been assessed a penalty of $5,812,289 attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Alliance Health Operations, LLC was placed in the fourth quintile.

42.     Plaintiff, DOJ OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Triboro Center for Rehabilitation and Nursing, located at 1160 Teller Avenue, Bronx, New York, 10456-4145.  At all relevant times, Plaintiff, DOJ Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, DOJ Operations Associates LLC, would have been assessed a penalty of $5,679,566 attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, DOJ Operations Associates LLC was placed in the fourth quintile.

43.     Plaintiff, REGEIS CARE CENTER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Regeis Care Center, located at 3200 Baychester Avenue, Bronx, New York, 10475-1513.  At all relevant times, Plaintiff, Regeis Care Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Regeis Care Center, LLC, would have been assessed a penalty of $5,598,592, of which $1,331,547 is attributable to the amount the State would have confiscated under the 5% profits cap and $4,267,045 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Regeis Care Center, LLC was placed in the first quintile.

44.     Plaintiff, BELLHAVEN MANAGEMENT LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Bellhaven Center for Rehabilitation & Nursing Care, located at 110 Beaver Dam Road, Brookhaven, New York, 11719-

9755.  At all relevant times, Plaintiff, Bellhaven Management LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Bellhaven Management LLC, would have been assessed a penalty of $5,574,198, of which $683,794 is attributable to the amount the State would have confiscated under the 5% profits cap and $4,890,404 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Bellhaven Management LLC was placed in the fourth quintile.

45.     Plaintiff, S&J OPERATIONAL LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Luxor Nursing and Rehabilitation at Mills Pond, located at 273 Moriches Road, St. James, New York, 11780-2117.  At all relevant times, Plaintiff, S&J Operational LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, S&J Operational LLC, would have been assessed a penalty of $5,391,964, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, S&J Operational LLC was placed in the second quintile.

46.     Plaintiff, HOLLISWOOD OPERATING CO, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Holliswood Center for Rehabilitation and Healthcare, located at 195-44 Woodhull Avenue, Hollis, New York, 11423-2982.  At all relevant times, Plaintiff, Holliswood Operating Co, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect,

Plaintiff, Holliswood Operating Co, LLC, would have been assessed a penalty of $5,207,898, of which $296,528 is attributable to the amount the State would have confiscated under the 5% profits cap and $4,911,370 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Holliswood Operating Co, LLC was placed in the fifth quintile.

47.    Plaintiff, BEZALEL NURSING HOME COMPANY, a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name Bezalel Rehabilitation and Nursing Center, located at 29-38 Far Rockaway Blvd, Far Rockaway, New York, 11691.  At all relevant times, Plaintiff, Bezalel Nursing Home Company, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Bezalel Nursing Home Company, would have been assessed a penalty of $5,078,280, of which $3,029,756 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,048,524 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Bezalel Nursing Home Company was placed in the third quintile.

48.    Plaintiff, DELAWARE OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Buffalo Center for Rehabilitation and Nursing, located at 1014 Delaware Avenue, Buffalo, New York, 14209-1606.  At all relevant times, Plaintiff, Delaware Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828

been in effect, Plaintiff, Delaware Operations Associates LLC, would have been assessed a penalty of $4,975,291, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Delaware Operations Associates LLC was placed in the fourth quintile.

49.     Plaintiff, NORTHERN RIVERVIEW HEALTH CARE CENTER, LLC, a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name Northern Riverview Health Care Center, LLC, located at 87 S Route 9W, Haverstraw, New York, 10927-1700.   At all relevant times, Plaintiff, Northern Riverview Health Care Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Northern Riverview Health Care Center, LLC, would have been assessed a penalty of $4,909,847, of which $2,637,128 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,272,719 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Northern Riverview Health Care Center, LLC was placed in the fifth quintile.

50.     Plaintiff, WEST LAWRENCE CARE CENTER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name West Lawrence Care Center, located at 1410 Seagirt Blvd, Far Rockaway, New York, 11691.   At all relevant times, Plaintiff, West Lawrence Care Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, West Lawrence Care Center, LLC, would have been assessed a penalty of $4,677,130, of which

$2,506,238 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,170,892 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, West Lawrence Care Center, LLC was placed in the fourth quintile.

51.     Plaintiff, PARK TERRACE CARE CENTER INC, a corporation, operates a nursing home licensed by the State of New York under the name Park Terrace Care Center, located at 59-20 Van Doren Street, Corona, New York, 11368.   At all relevant times, Plaintiff, Park Terrace Care Center Inc, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Park Terrace Care Center Inc, would have been assessed a penalty of $4,671,972, of which $2,602,865 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,069,107 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Park Terrace Care Center Inc was placed in the fifth quintile.

52.     Plaintiff, MORNINGSIDE ACQUISITION I LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Morningside Nursing and Rehabilitation Center, located at 1000 Pelham Pkwy South, Bronx, New York, 10461-1003.   At all relevant times, Plaintiff, Morningside Acquisition I LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Morningside Acquisition I LLC, would have been assessed a penalty of $4,664,896, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual

distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Morningside Acquisition I LLC was placed in the third quintile.

53.     Plaintiff, NASSAU OPERATING CO. LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Nassau Rehabilitation & Nursing Center, located at 1 Greenwich Street, Hempstead, New York, 11550.  At all relevant times, Plaintiff, Nassau Operating Co. LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Nassau Operating Co. LLC, would have been assessed a penalty of $4,655,083, of which $2,338,717 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,316,366 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Nassau Operating Co. LLC was placed in the second quintile.

54.     Plaintiff, LACONIA NURSING  INC., a corporation, operates a nursing home licensed by the State of New York under the name Laconia Nursing Home, located at 1050 E. 230th Street, Bronx, New York, 10466-4899.  At all relevant times, Plaintiff, Laconia Nursing Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Laconia Nursing  Inc., would have been assessed a penalty of $4,451,268, of which $1,694,003 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,757,265 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Laconia

Nursing Inc. was placed in the fifth quintile.

55.    Plaintiff, KPRH IV OPERATIONS, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Cypress Garden Center for Nursing and Rehabilitation, located at 139-66 35th Avenue, Flushing, New York, 11354. At all relevant times, Plaintiff, KPRH IV Operations, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, KPRH IV Operations, LLC, would have been assessed a penalty of $4,231,657, of which $1,570,060 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,661,597 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, KPRH IV Operations, LLC was placed in the second quintile.

56.    Plaintiff, HIGHLAND CARE CENTER, a corporation, operates a nursing home licensed by the State of New York under the name Highland Care Center, located at 91-31 175th Street, Jamaica, New York, 11432. At all relevant times, Plaintiff, Highland Care Center, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Highland Care Center, would have been assessed a penalty of $4,031,016, of which $1,916,850 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,114,165 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Highland Care Center was placed in the first quintile.

57.     Plaintiff, DUMONT OPERATING LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Dumont Center for Rehabilitation & Nursing Care, located at 676 Pelham Road, New Rochelle, New York, 10805.  At all relevant times, Plaintiff, Dumont Operating LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Dumont Operating LLC, would have been assessed a penalty of $3,854,012, of which $1,689,117 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,164,894 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Dumont Operating LLC was placed in the second quintile.

58.     Plaintiff, NISKAYUNA OPERATING CO., LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Pathways Nursing & Rehabilitation Center, located at 1805 Providence Avenue, Niskayuna, New York, 12309-3923.  At all relevant times, Plaintiff, Niskayuna Operating Co., LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Niskayuna Operating Co., LLC, would have been assessed a penalty of $3,849,039, of which $412,338 is attributable to the amount the State would have confiscated under the 5% profits cap and $3,436,701 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Niskayuna Operating Co., LLC was placed in the second quintile.

59.     Plaintiff, WOODCREST REHABILITATION AND RESIDENTIAL HEALTH CARE CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Woodcrest Rehabilitation and Residential Health Care Center LLC, located at 119-09 26th Avenue, Flushing, New York, 11354-1099.  At all relevant times, Plaintiff, Woodcrest Rehabilitation and Residential Health Care Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Woodcrest Rehabilitation and Residential Health Care Center LLC, would have been assessed a penalty of $3,705,177, of which $1,916,867 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,788,311 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Woodcrest Rehabilitation and Residential Health Care Center LLC was placed in the fifth quintile.

60.     Plaintiff, THE NURSING CARE CENTER AT MEDFORD, INC., a corporation, operates a nursing home licensed by the State of New York under the name Medford Multicare Center, located at 3115 Horseblock Road, Medford, New York, 11763.  At all relevant times, Plaintiff, The Nursing Care Center at Medford, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, The Nursing Care Center at Medford, Inc., would have been assessed a penalty of $3,633,299, of which $1,815,523 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,817,776 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10

N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, The Nursing Care Center at Medford, Inc. was placed in the n/a quintile.

61.    Plaintiff, SGRNC LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name King David Center for Nursing and Rehabilitation, located at 2266 Cropsey Avenue, Brooklyn, New York, 11214-5706.  At all relevant times, Plaintiff, SGRNC LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, SGRNC LLC, would have been assessed a penalty of $3,603,231, of which $1,527,619 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,075,612 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, SGRNC LLC was placed in the fourth quintile.

62.    Plaintiff, HAMPTON NH LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Westhampton Care Center, located at 78 Old Country Road, Westhampton, New York, 11977-1219.  At all relevant times, Plaintiff, Hampton NH LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Hampton NH LLC, would have been assessed a penalty of $3,516,187, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Hampton NH LLC was placed in the second quintile.

63.    Plaintiff, DUNKIRK OPERATING, LLC, is a limited liability company that

operates a nursing home licensed by the State of New York under the name Chautauqua Nursing and Rehabilitation Center, located at 10836 Temple Road, Dunkirk, New York, 14048-9611.  At all relevant times, Plaintiff, Dunkirk Operating, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Dunkirk Operating, LLC, would have been assessed a penalty of $3,487,228, of which $1,153,164 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,334,064 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Dunkirk Operating, LLC was placed in the first quintile.

64.      Plaintiff, DRY HARBOR HRF Inc, a corporation, operates a nursing home licensed by the State of New York under the name Dry Harbor Nursing Home, located at 61-35 Dry Harbor Road, Middle Village, New York, 11379-1599.  At all relevant times, Plaintiff, Dry Harbor HRF Inc, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Dry Harbor HRF Inc, would have been assessed a penalty of $3,406,922, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Dry Harbor HRF Inc was placed in the third quintile.

65.      Plaintiff, NORTHERN MANHATTAN NURSING HOME INC, a corporation, operates a nursing home licensed by the State of New York under the name Northern Manhattan Nursing Home Inc, located at 116 East 125th Street, New York, New York, 10035.  At all relevant

times, Plaintiff, Northern Manhattan Nursing Home Inc, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Northern Manhattan Nursing Home Inc, would have been assessed a penalty of $3,367,703, of which $127,660 is attributable to the amount the State would have confiscated under the 5% profits cap and $3,240,043 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Northern Manhattan Nursing Home Inc was placed in the fourth quintile.

66.     Plaintiff, S&L BIRCHWOOD LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Apex Rehabilitation & Care Center, located at 78 Birchwood Drive, Huntington Station, New York, 11746.  At all relevant times, Plaintiff, S&L Birchwood LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, S&L Birchwood LLC, would have been assessed a penalty of $3,300,023, of which $1,258,403 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,041,620 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, S&L Birchwood LLC was placed in the third quintile.

67.     Plaintiff, MLAP ACQUISITION I, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name MLAP Acquisition I, LLC, located at 375 East Bay Drive, Long Beach, New York, 11561.  At all relevant times, Plaintiff, MLAP Acquisition I, LLC, participated in New York's Medicaid program. Based on its

revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, MLAP Acquisition I, LLC, would have been assessed a penalty of $3,246,441, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, MLAP Acquisition I, LLC was placed in the fifth quintile.

68.    Plaintiff, SMITHTOWN HEALTH CARE MANAGEMENT, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Smithtown Center for Rehabilitation & Nursing Care, located at 391 North Country Road, Smithtown, New York, 11787-2069.  At all relevant times, Plaintiff, Smithtown Health Care Management, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Smithtown Health Care Management, LLC, would have been assessed a penalty of $3,230,201, of which $1,345,718 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,884,483 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Smithtown Health Care Management, LLC was placed in the first quintile.

69.    Plaintiff, CATSKILL CROSSINGS, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name The Pines at Catskill Center for Nursing & Rehabilitation, located at 154 Jefferson Hts, Catskill, New York, 12414-1215.  At all relevant times, Plaintiff, Catskill Crossings, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect,

Plaintiff, Catskill Crossings, LLC, would have been assessed a penalty of $3,138,685, of which $1,788,756 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,349,929 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Catskill Crossings, LLC was placed in the second quintile.

70.     Plaintiff, SHORE VIEW ACQUISITION I, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Shore View Nursing and Rehabilitation Center, located at 2865 Brighton Third Street, Brooklyn, New York, 11235-6798.  At all relevant times, Plaintiff, Shore View Acquisition I, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Shore View Acquisition I, LLC, would have been assessed a penalty of $3,037,361, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Shore View Acquisition I, LLC was placed in the fifth quintile.

71.     Plaintiff, GRANDELL REHABILITATION AND NURSING CENTER INC, a corporation, operates a nursing home licensed by the State of New York under the name Grandell Rehabilitation and Nursing Center, located at 645 West Broadway, Long Beach, New York, 11561-2920.  At all relevant times, Plaintiff, Grandell Rehabilitation and Nursing Center Inc, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Grandell Rehabilitation and Nursing Center Inc, would have been assessed a penalty of $3,033,594, of which $2,024,831 is attributable to the amount the State

would have confiscated under the 5% profits cap and $1,008,763 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Grandell Rehabilitation and Nursing Center Inc was placed in the fifth quintile.

72.     Plaintiff, PARKVIEW CARE AND REHABILITATION CENTER, a corporation, operates a nursing home licensed by the State of New York under the name Parkview Care and Rehabilitation Center, located at 5353 Merrick Road, Massapequa, New York, 11758-6282.  At all relevant times, Plaintiff, Parkview Care and Rehabilitation Center, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Parkview Care and Rehabilitation Center, would have been assessed a penalty of $3,019,728, of which $2,282,832 is attributable to the amount the State would have confiscated under the 5% profits cap and $736,896 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Parkview Care and Rehabilitation Center was placed in the fourth quintile.

73.     Plaintiff, MEADOWBROOK CARE CENTER INC., a corporation, operates a nursing home licensed by the State of New York under the name Meadowbrook Care Center, located at 320 W. Merrick Road, Freeport, New York, 11520-3248.  At all relevant times, Plaintiff, Meadowbrook Care Center Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Meadowbrook Care Center Inc., would have been assessed a penalty of $2,978,742, of which $2,452,942 is attributable to the amount the State would have confiscated under the 5% profits cap and $525,800 is

attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Meadowbrook Care Center Inc. was placed in the third quintile.

74.     Plaintiff, OPTIMA CARE SMITHTOWN LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Brookside Multicare Center, located at 7 Route 25A, Smithtown, New York, 11787.  At all relevant times, Plaintiff, Optima Care Smithtown LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Optima Care Smithtown LLC, would have been assessed a penalty of $2,928,935, of which $1,028,030 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,900,906 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Optima Care Smithtown LLC was placed in the third quintile.

75.     Plaintiff, CLR SCHENECTADY LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Schenectady Center for Rehabilitation and Nursing, located at 526 Altamont Avenue, Schenectady, New York, 12303-1039.  At all relevant times, Plaintiff, CLR Schenectady LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CLR Schenectady LLC, would have been assessed a penalty of $2,909,349, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution

by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CLR Schenectady LLC was placed in the fourth quintile.

76.     Plaintiff, MANHATTANVILLE SBV LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Manhattanville Health Care Center, located at 311 West 231st Street, Bronx, New York, 10463.  At all relevant times, Plaintiff, Manhattanville SBV LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Manhattanville SBV LLC, would have been assessed a penalty of $2,837,919, of which $1,856,524 is attributable to the amount the State would have confiscated under the 5% profits cap and $981,395 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Manhattanville SBV LLC was placed in the third quintile.

77.     Plaintiff, BAY PARK CENTER FOR NURSING & REHABILITATION, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Pinnacle Multicare Nursing & Rehabilitation Center, located at 801 Co-op City Blvd, Bronx, New York, 10471.  At all relevant times, Plaintiff, Bay Park Center for Nursing & Rehabilitation, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Bay Park Center for Nursing & Rehabilitation, LLC, would have been assessed a penalty of $2,795,176, of which $1,592,368 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,202,808 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as

described in Paragraph "270" of this Complaint, Bay Park Center for Nursing & Rehabilitation, LLC was placed in the fourth quintile.

78.     Plaintiff, OCEAN GARDENS NURSING FACILITY, INC., a corporation, operates a nursing home licensed by the State of New York under the name Horizon Care Center, located at 6411 Beach Channel Drive, Arverne, New York, 11692-1412.  At all relevant times, Plaintiff, Ocean Gardens Nursing Facility, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Ocean Gardens Nursing Facility, Inc., would have been assessed a penalty of $2,778,601, of which $1,102,658 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,675,943 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Ocean Gardens Nursing Facility, Inc. was placed in the fourth quintile.

79.     Plaintiff, ST. JOHNSVILLE REHABILITATION AND NURSING CENTER INC., a corporation, operates a nursing home licensed by the State of New York under the name St. Johnsville Rehabilitation and Nursing Center, located at 7 Timmerman Avenue, St. Johnsville, New York, 13452-1035.  At all relevant times, Plaintiff, St. Johnsville Rehabilitation and Nursing Center Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, St. Johnsville Rehabilitation and Nursing Center Inc., would have been assessed a penalty of $2,712,864, of which $2,461,556 is attributable to the amount the State would have confiscated under the 5% profits cap and $251,308 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual

distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, St. Johnsville Rehabilitation and Nursing Center Inc. was placed in the second quintile.

80.    Plaintiff, FOREST VIEW NURSING HOME, INC., a corporation, operates a nursing home licensed by the State of New York under the name Forest View Center for Rehabilitation and Nursing, located at 71-20 110th Street, Forest Hills, New York, 11375-4844.  At all relevant times, Plaintiff, Forest View Nursing Home, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Forest View Nursing Home, Inc., would have been assessed a penalty of $2,673,196, of which $1,208,223 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,464,973 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Forest View Nursing Home, Inc. was placed in the third quintile.

81.    Plaintiff, GOLD CREST CARE CENTER, a corporation, operates a nursing home licensed by the State of New York under the name Gold Crest Care Center, located at 2316 Bruner Avenue, Bronx, New York, 10469-6323.  At all relevant times, Plaintiff, Gold Crest Care Center, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Gold Crest Care Center, would have been assessed a penalty of $2,630,101, of which $1,327,206 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,302,895 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to

10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Gold Crest Care Center was placed in the third quintile.

82.     Plaintiff, SALEM ACQUISITION I LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Salem Hills Rehabilitation and Health Care Center, located at 539 Rte 22, Purdys, New York, 10578-0539. At all relevant times, Plaintiff, Salem Acquisition I LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Salem Acquisition I LLC, would have been assessed a penalty of $2,600,866, of which $1,163,251 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,437,615 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Salem Acquisition I LLC was placed in the first quintile.

83.     Plaintiff, RALEX SERVICES, a corporation, operates a nursing home licensed by the State of New York under the name Ralex Services, located at 490 Pelham Road, New Rochelle, New York, 10805-1801. At all relevant times, Plaintiff, Ralex Services, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Ralex Services, would have been assessed a penalty of $2,550,567, of which $492,182 is attributable to the amount the State would have confiscated under the 5% profits cap and $2,058,384 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Ralex Services was placed in the fifth quintile.

84.     Plaintiff, PROSPECT PARK OPERATING LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Brooklyn Center for Rehabilitationand Residential, located at 1455 Coney Island Avenue, Brooklyn, New York, 11230-4713.  At all relevant times, Plaintiff, Prospect Park Operating LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Prospect Park Operating LLC, would have been assessed a penalty of $2,542,291, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Prospect Park Operating LLC was placed in the fifth quintile.

85.     Plaintiff,   QUEENS   BOULEVARD   EXTENDED   CARE   FACILITY MANAGEMENT LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Queens Boulevard Extended Care Facility, located at 61-11 Queens Blvd, Woodside, New York, 11377-4965.  At all relevant times, Plaintiff, Queens Boulevard Extended Care Facility Management LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Queens Boulevard Extended Care Facility Management LLC, would have been assessed a penalty of $2,490,826, of which $643,489 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,847,336 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Queens Boulevard Extended Care Facility Management LLC was placed in the fourth quintile.

86.     Plaintiff, SENECA NURSING & REHABILITATION CENTER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Seneca Nursing & Rehabilitation Center, LLC, located at 200 Douglas Drive, Waterloo, New York, 13165-1645.  At all relevant times, Plaintiff, Seneca Nursing & Rehabilitation Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Seneca Nursing & Rehabilitation Center, LLC, would have been assessed a penalty of $2,451,675, of which $1,351,044 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,100,631 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Seneca Nursing & Rehabilitation Center, LLC was placed in the fifth quintile.

87.     Plaintiff, QUEENS NASSAU NURSING HOME INC., a corporation, operates a nursing home licensed by the State of New York under the name Queens Nassau Nursing Home, located at 520 Beach 19th Street, Far Rockaway, New York, 11691.  At all relevant times, Plaintiff, Queens Nassau Nursing Home Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Queens Nassau Nursing Home Inc., would have been assessed a penalty of $2,420,094, of which $1,753,860 is attributable to the amount the State would have confiscated under the 5% profits cap and $666,234 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Queens Nassau Nursing Home Inc. was placed in the fifth quintile.

88.     Plaintiff, WATERFRONT OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Ellicott Center for Rehabilitation and Nursing, located at 200 7th Street, Buffalo, New York, 14201-2161.  At all relevant times, Plaintiff, Waterfront Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Waterfront Operations Associates LLC, would have been assessed a penalty of $2,413,491, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Waterfront Operations Associates LLC was placed in the fifth quintile.

89.     Plaintiff, NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITy LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Franklin Center for Rehabilitation and Nursing, located at 14227 Franklin Avenue, Flushing, New York, 11355-2629.  At all relevant times, Plaintiff, New Franklin Rehabilitation & Health Care Facility LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, New Franklin Rehabilitation & Health Care Facility LLC, would have been assessed a penalty of $2,379,884, of which $674,652 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,705,232 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, New Franklin Rehabilitation & Health Care Facility LLC was placed in the third quintile.

90.     Plaintiff, WATERVIEW ACQUISITION I LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Waterview Hills Rehabilitation and Health Care, located at 537 Route 22 # 257, Purdys, New York, 10578-2900.  At all relevant times, Plaintiff, Waterview Acquisition I LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Waterview Acquisition I LLC, would have been assessed a penalty of $2,334,865, of which $1,131,641 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,203,224 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Waterview Acquisition I LLC was placed in the third quintile.

91.     Plaintiff, MAPLEWOOD NURSING HOME, INC., a corporation, operates a nursing home licensed by the State of New York under the name Maplewood Nursing Home, Inc., located at 100 Daniel Drive, Webster, New York, 14580-2983.  At all relevant times, Plaintiff, Maplewood Nursing Home, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Maplewood Nursing Home, Inc., would have been assessed a penalty of $2,330,970, of which $1,038,772 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,292,198 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Maplewood Nursing Home, Inc. was placed in the second quintile.

92.     Plaintiff, FULTON OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Fulton Center for Rehabilitation and Health Care, located at 847 County Highway 122, Gloversville, New York, 12078-6413.  At all relevant times, Plaintiff, Fulton Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Fulton Operations Associates LLC, would have been assessed a penalty of $2,294,371, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Fulton Operations Associates LLC was placed in the second quintile.

93.     Plaintiff, SCHNUR OPERATIONS ASSCOIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Martine Center for Rehabilitation and Nursing, located at 12 Tibbits Avenue, White Plains, New York, 10606-2438.  At all relevant times, Plaintiff, Schnur Operations Asscoiates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Schnur Operations Asscoiates LLC, would have been assessed a penalty of $2,275,405, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Schnur Operations Asscoiates LLC was placed in the fifth quintile.

94.     Plaintiff, CONCOURSE REHABILITATION & NURSING CENTER INC., a corporation, operates a nursing home licensed by the State of New York under the name Concourse

Rehabilitation & Nursing Center Inc., located at 1072 Grand Concourse, Bronx, New York, 10456-3994.  At all relevant times, Plaintiff, Concourse Rehabilitation & Nursing Center Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Concourse Rehabilitation & Nursing Center Inc., would have been assessed a penalty of $2,204,385, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Concourse Rehabilitation & Nursing Center Inc. was placed in the third quintile.

95.     Plaintiff, CARDIFF BAY CENTER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Cardiff Bay Center, located at 50-15 Beach Channel Drive, Far Rockaway, New York, 11691.  At all relevant times, Plaintiff, Cardiff Bay Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Cardiff Bay Center, LLC, would have been assessed a penalty of $2,142,339, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Cardiff Bay Center, LLC was placed in the fifth quintile.

96.     Plaintiff, CONCORD NURSING HOME INC, a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name Concord Nursing & Rehabilitation Center, located at 300 Madison Avenue, Brooklyn, New York, 11216-1597.  At all relevant times, Plaintiff, Concord Nursing Home Inc, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff,

Concord Nursing Home Inc, would have been assessed a penalty of $2,092,414, of which $370,432 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,721,982 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Concord Nursing Home Inc was placed in the third quintile.

97.     Plaintiff, CORTLANDT OPERATIONS LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Cortlandt, located at 110 Oregon Road, Cortlandt Manor, New York, 10567-1232.  At all relevant times, Plaintiff, Cortlandt Operations LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Cortlandt Operations LLC, would have been assessed a penalty of $2,083,559, of which $1,064,412 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,019,147 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Cortlandt Operations LLC was placed in the fourth quintile.

98.     Plaintiff, PARAGON MANAGEMENT SNF, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Suffolk Restorative Therapy, located at 340 E. Main Street, E. Islip, New York, 11730.  At all relevant times, Plaintiff, Paragon Management SNF, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Paragon Management SNF, LLC, would have been assessed a penalty of $1,969,416, of which $197,469 is attributable

to the amount the State would have confiscated under the 5% profits cap and $1,771,947 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Paragon Management SNF, LLC was placed in the fourth quintile.

99.     Plaintiff, WARTBURG RECEIVER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Bushwick Center for Rehabilitation and Health Care, located at 50 Sheffield Avenue, Brooklyn, New York, 11207.  At all relevant times, Plaintiff, Wartburg Receiver LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Wartburg Receiver LLC, would have been assessed a penalty of $1,965,913, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Wartburg Receiver LLC was placed in the second quintile.

100.     Plaintiff, ROCKAWAY OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Far Rockaway Center for Rehabilitaion and Nursing, located at 13-11 Virginia Street, Far Rockaway, New York, 11691.  At all relevant times, Plaintiff, Rockaway Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Rockaway Operations Associates LLC, would have been assessed a penalty of $1,963,017, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10

N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Rockaway Operations Associates LLC was placed in the fifth quintile.

101.    Plaintiff, SEA CREST ACQUISITION I, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Sea Crest Acquisition I, LLC, located at 3035 West 24th Street, Brooklyn, New York, 11224-2197.  At all relevant times, Plaintiff, Sea Crest Acquisition I, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Sea Crest Acquisition I, LLC, would have been assessed a penalty of $1,936,272, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Sea Crest Acquisition I, LLC was placed in the fifth quintile.

102.    Plaintiff, WEDGEWOOD CARE CENTER INC, a partnership, operates a nursing home licensed by the State of New York under the name Highfield Gardens Care Center of Great Neck, located at 199 Community Drive, Great Neck, New York, 11021-5502.  At all relevant times, Plaintiff, Wedgewood Care Center Inc, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Wedgewood Care Center Inc, would have been assessed a penalty of $1,933,705, of which $836,736 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,096,970 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Wedgewood Care Center Inc was placed in the fifth quintile.

103.    Plaintiff, STEUBEN OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Steuben Center for Rehabilitation and Nursing, located at 7009 Rumsey Street Ext, Bath, New York, 14810-7826.  At all relevant times, Plaintiff, Steuben Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Steuben Operations Associates LLC, would have been assessed a penalty of $1,915,740, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Steuben Operations Associates LLC was placed in the third quintile.

104.    Plaintiff, KING STREET HOME, INC., a corporation, operates a nursing home licensed by the State of New York under the name King Street Home, Inc., located at 787 King Street, Rye Brook, New York, 10573-1899.  At all relevant times, Plaintiff, King Street Home, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, King Street Home, Inc., would have been assessed a penalty of $1,880,185, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, King Street Home, Inc. was placed in the fourth quintile.

105.    Plaintiff, MASSAPEQUA CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Massapequa Center Rehabilitation & Nursing, located at 101 Louden Avenue, Amityville, New York, 11701.  At all

relevant times, Plaintiff, Massapequa Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Massapequa Center LLC, would have been assessed a penalty of $1,850,222, of which $789,775 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,060,447 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Massapequa Center LLC was placed in the fifth quintile.

106.    Plaintiff, PARK GARDENS REHABILITATION & NURSING CENTER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Park Gardens Rehabilitation & Nursing Center, located at 6585 Broadway, Bronx, New York, 10471.  At all relevant times, Plaintiff, Park Gardens Rehabilitation & Nursing Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Park Gardens Rehabilitation & Nursing Center, LLC, would have been assessed a penalty of $1,799,806, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Park Gardens Rehabilitation & Nursing Center, LLC was placed in the fourth quintile.

107.    Plaintiff, LONG ISLAND CARE CENTER INC., a corporation, operates a nursing home licensed by the State of New York under the name Long Island Care Center, located at 144-61 38th Avenue, Flushing, New York, 11354.  At all relevant times, Plaintiff, Long Island Care Center Inc., participated in New York's Medicaid program. Based on its revenues and expenses

for 2019, had Section 2828 been in effect, Plaintiff, Long Island Care Center Inc., would have been assessed a penalty of $1,754,989, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Long Island Care Center Inc. was placed in the first quintile.

108.    Plaintiff, OCEANVIEW NURSING AND REHABILITATION CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Oceanview Nursing and Rehabilitation Center LLC, located at 315 Beach 9th Street, Far Rockaway, New York, 11691.  At all relevant times, Plaintiff, Oceanview Nursing and Rehabilitation Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Oceanview Nursing and Rehabilitation Center LLC, would have been assessed a penalty of $1,749,758, of which $1,167,498 is attributable to the amount the State would have confiscated under the 5% profits cap and $582,260 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Oceanview Nursing and Rehabilitation Center LLC was placed in the fourth quintile.

109.    Plaintiff, ROME CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name The Grand Rehabilitation and Nursing at Rome, located at 801 N. James Street, Rome, New York, 13440-3524.  At all relevant times, Plaintiff, Rome Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Rome Center LLC,

would have been assessed a penalty of $1,730,175, of which $162,620 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,567,555 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Rome Center LLC was placed in the fifth quintile.

110.    Plaintiff, NYACK OPERATING LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Nyack Ridge Rehabilitation & Nursing Center, located at 476 Christian Herald Road, Valley Cottage, New York, 10989-2230.  At all relevant times, Plaintiff, Nyack Operating LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Nyack Operating LLC, would have been assessed a penalty of $1,692,025, of which $902,906 is attributable to the amount the State would have confiscated under the 5% profits cap and $789,119 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Nyack Operating LLC was placed in the fifth quintile.

111.    Plaintiff, HARRIS HILL NURSING FACILITY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Harris Hill Nursing Facility, located at 2699 Wehrle Drive, Williamsville, New York, 14221-7332.  At all relevant times, Plaintiff, Harris Hill Nursing Facility, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Harris Hill Nursing Facility, LLC, would have been assessed a penalty of $1,674,358, of which $330,103 is attributable to the amount the State would have confiscated under the 5% profits

cap and $1,344,255 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Harris Hill Nursing Facility, LLC was placed in the first quintile.

112.   Plaintiff, TERRACE ACQUISITION II, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Fordham Nursing & Rehabilitation Center, located at 2678 Kingsbridge Terrace, Bronx, New York, 10463. At all relevant times, Plaintiff, Terrace Acquisition II, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Terrace Acquisition II, LLC, would have been assessed a penalty of $1,673,329, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Terrace Acquisition II, LLC was placed in the fourth quintile.

113.   Plaintiff, CNH OPERATING LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Chateau, located at 3457 Nostrand Avenue, Brooklyn, New York, 11229-5194. At all relevant times, Plaintiff, CNH Operating LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CNH Operating LLC, would have been assessed a penalty of $1,655,092, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CNH Operating LLC was placed in the third quintile.

114.    Plaintiff, OAKWOOD OPERATING CO., LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Affinity Skilled Living and Rehabilitation Center, located at 305 Locust Avenue, Oakdale, New York, 11769-1652.  At all relevant times, Plaintiff, Oakwood Operating Co., LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Oakwood Operating Co., LLC, would have been assessed a penalty of $1,642,319, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Oakwood Operating Co., LLC was placed in the fifth quintile.

115.    Plaintiff, ONTARIO OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Ontario Center for Rehabilitation and Nursing, located at 3062 County Complex Drive, Canandaigua, New York, 14424.  At all relevant times, Plaintiff, Ontario Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Ontario Operations Associates LLC, would have been assessed a penalty of $1,549,480, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Ontario Operations Associates LLC was placed in the fourth quintile.

116.    Plaintiff, CONESUS LAKE NURSING HOME, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Conesus Lake Nursing Home, LLC, located at 6131 Big Tree Road, Livonia, New York, 14487-9608.  At

all relevant times, Plaintiff, Conesus Lake Nursing Home, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Conesus Lake Nursing Home, LLC, would have been assessed a penalty of $1,540,442, of which $738,244 is attributable to the amount the State would have confiscated under the 5% profits cap and $802,197 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Conesus Lake Nursing Home, LLC was placed in the first quintile.

117.    Plaintiff, PORT CHESTER OPERATING LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Enclave, located at 1000 High Street, Port Chester, New York, 10573-4402.  At all relevant times, Plaintiff, Port Chester Operating LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Port Chester Operating LLC, would have been assessed a penalty of $1,538,662, of which $20,923 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,517,739 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Port Chester Operating LLC was placed in the fourth quintile.

118.    Plaintiff, OPTIMA CARE WHITE PLAINS LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name White Plains Center for Nursing, located at 220 West Post Road, White Plains, New York, 10606.  At all relevant times, Plaintiff, Optima Care White Plains LLC, participated in New York's Medicaid

program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Optima Care White Plains LLC, would have been assessed a penalty of $1,534,256, of which $256,240 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,278,016 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Optima Care White Plains LLC was placed in the fourth quintile.

119.   Plaintiff, BRONX CENTER FOR REHABILITATION AND HEALTHCARE LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Bronx Center for Rehabilitation & Health Care, located at 1010 Underhill Avenue, Bronx, New York, 10472-6012.   At all relevant times, Plaintiff, Bronx Center for Rehabilitation and Healthcare LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Bronx Center for Rehabilitation and Healthcare LLC, would have been assessed a penalty of $1,495,496, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Bronx Center for Rehabilitation and Healthcare LLC was placed in the second quintile.

120.   Plaintiff, UNION PLAZA NURSING HOME INC., a corporation, operates a nursing home licensed by the State of New York under the name Union Plaza Care Center, located at 33-23 Union Street, Flushing, New York, 11354-3050.   At all relevant times, Plaintiff, Union Plaza Nursing Home Inc., participated in New York's Medicaid program. Based on its revenues

and expenses for 2019, had Section 2828 been in effect, Plaintiff, Union Plaza Nursing Home Inc., would have been assessed a penalty of $1,485,183, of which $373,983 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,111,200 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Union Plaza Nursing Home Inc. was placed in the third quintile.

121.    Plaintiff, OASIS REHABILITATION AND NURSING LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Oasis Rehabilitation and Nursing LLC, located at 6 Frowein Road, Center Moriches, New York, 11934.  At all relevant times, Plaintiff, Oasis Rehabilitation and Nursing LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Oasis Rehabilitation and Nursing LLC, would have been assessed a penalty of $1,484,966, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Oasis Rehabilitation and Nursing LLC was placed in the second quintile.

122.    Plaintiff, OPTIMA CARE LITTLE NECK LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Little Neck Care Center, located at 260-19 Nassau Blvd, Little Neck, New York, 11362-2294.  At all relevant times, Plaintiff, Optima Care Little Neck LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Optima Care Little Neck LLC, would have been assessed a penalty of $1,454,134, of which $451,921 is attributable

to the amount the State would have confiscated under the 5% profits cap and $1,002,212 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Optima Care Little Neck LLC was placed in the fourth quintile.

123.   Plaintiff, WELLSVILLE MANOR LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Wellsville Manor Care Center, located at 4192A Bolivar Road, Wellsville, New York, 14895-9325.  At all relevant times, Plaintiff, Wellsville Manor LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Wellsville Manor LLC, would have been assessed a penalty of $1,445,927, of which $692,751 is attributable to the amount the State would have confiscated under the 5% profits cap and $753,177 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Wellsville Manor LLC was placed in the second quintile.

124.   Plaintiff, ABRAHAM OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Beth Abraham Center for Rehabilitation and Nursing, located at 612 Allerton Avenue, Bronx, New York, 10467-7495.  At all relevant times, Plaintiff, Abraham Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Abraham Operations Associates LLC, would have been assessed a penalty of $1,415,432, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10

N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Abraham Operations Associates LLC was placed in the third quintile.

125.    Plaintiff, TEN BROECK CENTER FOR REHABILITATION AND NURSING, a partnership, operates a nursing home licensed by the State of New York under the name Ten Broeck Center for Rehabilitation and Nursing, located at One Commons Drive, Lake Katrine, New York, 12449-5149.  At all relevant times, Plaintiff, Ten Broeck Center for Rehabilitation and Nursing, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Ten Broeck Center for Rehabilitation and Nursing, would have been assessed a penalty of $1,415,406, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Ten Broeck Center for Rehabilitation and Nursing was placed in the fourth quintile.

126.    Plaintiff, 4800 BEAR ROAD OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name ElderWood at Liverpool, located at 4800 Bear Road, Liverpool, New York, 13088-4604.  At all relevant times, Plaintiff, 4800 Bear Road Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 4800 Bear Road Operating Company, LLC, would have been assessed a penalty of $1,391,715, of which $462,075 is attributable to the amount the State would have confiscated under the 5% profits cap and $929,640 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 4800 Bear Road

Operating Company, LLC was placed in the second quintile.

127.    Plaintiff, PINE HAVEN OPERATING LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Pine Haven Home, located at PO Box 785, 201 Main Street, Philmont, New York, 12565-0785.  At all relevant times, Plaintiff, Pine Haven Operating LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Pine Haven Operating LLC, would have been assessed a penalty of $1,322,392, of which $855,080 is attributable to the amount the State would have confiscated under the 5% profits cap and $467,312 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Pine Haven Operating LLC was placed in the third quintile.

128.    Plaintiff, ESSEX OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Essex Center for Rehabilitation and Healthcare, located at 81 Park Street, Elizabethtown, New York, 12932-0127.  At all relevant times, Plaintiff, Essex Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Essex Operations Associates LLC, would have been assessed a penalty of $1,316,284, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Essex Operations Associates LLC was placed in the fifth quintile.

129.    Plaintiff, GUILDERLAND OPERATOR, LLC, is a limited liability company that

operates a nursing home licensed by the State of New York under the name The Grand Rehabilitation and Nursing at Guilderland, located at 428 State Route 146, Altamont, New York, 12009-4409.  At all relevant times, Plaintiff, Guilderland Operator, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Guilderland Operator, LLC, would have been assessed a penalty of $1,253,313, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Guilderland Operator, LLC was placed in the fifth quintile.

130.    Plaintiff, NORWEGIAN CHRISTIAN HOME AND HEALTH CENTER, a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name Norwegian Christian Home and Health Center, located at 1250 67th Street, Brooklyn, New York, 11219.  At all relevant times, Plaintiff, Norwegian Christian Home and Health Center, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Norwegian Christian Home and Health Center, would have been assessed a penalty of $1,211,744, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Norwegian Christian Home and Health Center was placed in the fifth quintile.

131.    Plaintiff, AMERIFALLS, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Niagara Rehabilitation & Nursing Center, located at 822 Cedar Avenue, Niagara Falls, New York, 14301-1136.  At all relevant times, Plaintiff, Amerifalls, LLC, participated in New York's Medicaid program. Based on its revenues

and expenses for 2019, had Section 2828 been in effect, Plaintiff, Amerifalls, LLC, would have

been assessed a penalty of $1,185,656, attributable to a penalty assessed under the 70%/40%

spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to

10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Amerifalls, LLC was

placed in the fifth quintile.

132.   Plaintiff, TOWNHOUSE OPERATING CO., LLC, is a limited liability company

that operates a nursing home licensed by the State of New York under the name Townhouse Center

for Rehabilitation and Nursing, located at 755 Hempstead Turnpike, Uniondale, New York, 11553-

1100.  At all relevant times, Plaintiff, Townhouse Operating Co., LLC, participated in New York's

Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect,

Plaintiff, Townhouse Operating Co., LLC, would have been assessed a penalty of $1,161,495, of

which $916,634 is attributable to the amount the State would have confiscated under the 5% profits

cap and $244,860 is attributable to a penalty assessed under the 70%/40% spending mandate, and

in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42,

as described in Paragraph "270" of this Complaint, Townhouse Operating Co., LLC was placed in

the third quintile.

133.   Plaintiff, BARNWELL OPERATIONS ASSOCIATES, LLC, is a limited liability

company that operates a nursing home licensed by the State of New York under the name The

Grand Healthcare Rehabilitation and Nursing at Barnwell, located at 3230 Church Street, Valatie,

New York, 12184-2303.  At all relevant times, Plaintiff, Barnwell Operations Associates, LLC,

participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had

Section 2828 been in effect, Plaintiff, Barnwell Operations Associates, LLC, would have been

assessed a penalty of $1,159,019, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Barnwell Operations Associates, LLC was placed in the fifth quintile.

134.    Plaintiff, LEONARD RUSS & LINDA MEYER RUSS, PARTNERS, a partnership, operates a nursing home licensed by the State of New York under the name Bayberry Nursing Home, located at 40 Keogh Lane, New Rochelle, New York, 10805-1308.  At all relevant times, Plaintiff, Leonard Russ & Linda Meyer Russ, Partners, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Leonard Russ & Linda Meyer Russ, Partners, would have been assessed a penalty of $1,157,520, of which $73,883 is attributable to the amount the State would have confiscated under the 5% profits cap and $1,083,637 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Leonard Russ & Linda Meyer Russ, Partners was placed in the second quintile.

135.    Plaintiff, ATLANTICARE MANAGEMENT LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Putnam Ridge, located at 46 Mt. Ebo Road North, Brewster, New York, 10509-3600.  At all relevant times, Plaintiff, Atlanticare Management LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Atlanticare Management LLC, would have been assessed a penalty of $1,144,358, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of

quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Atlanticare Management LLC was placed in the fifth quintile.

136.    Plaintiff, BERKSHIRE NURSING HOME LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Berkshire Nursing & Rehabilitation Center, located at 10 Berkshire Road, West Babylon, New York, 11704.  At all relevant times, Plaintiff, Berkshire Nursing Home LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Berkshire Nursing Home LLC, would have been assessed a penalty of $1,136,538 attributable to the amount the State would have confiscated under the 5% profits cap, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Berkshire Nursing Home LLC was placed in the fourth quintile.

137.    Plaintiff, PROSPECT ACQUISITION I LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Prospect Acquisition I LLC, located at 727 Classon Avenue, Brooklyn, New York, 11238.  At all relevant times, Plaintiff, Prospect Acquisition I LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Prospect Acquisition I LLC, would have been assessed a penalty of $1,132,967, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Prospect Acquisition I LLC was placed in the fourth quintile.

138.    Plaintiff, BETHANY OPERTAING CO. LLC, is a limited liability company that

operates a nursing home licensed by the State of New York under the name Bethany Skilled Living Center, located at 800 W Chestnut Street, Rome, New York, 13440-2364.  At all relevant times, Plaintiff, Bethany Opertaing Co. LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Bethany Opertaing Co. LLC, would have been assessed a penalty of $1,115,253, of which $604,469 is attributable to the amount the State would have confiscated under the 5% profits cap and $510,784 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Bethany Opertaing Co. LLC was placed in the fourth quintile.

139.    Plaintiff, GRAND MANOR HEALTH RELATED FACILITY, INC., a corporation, operates a nursing home licensed by the State of New York under the name Grand Manor Nursing & Rehabilitation Center, located at 700 White Plains Road, Bronx, New York, 10473-2696.  At all relevant times, Plaintiff, Grand Manor Health Related Facility, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Grand Manor Health Related Facility, Inc., would have been assessed a penalty of $1,103,812, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Grand Manor Health Related Facility, Inc. was placed in the fourth quintile.

140.    Plaintiff, ST. MARKS BROOKYLN ASSOCIATES L.L.C., is a limited liability company that operates a nursing home licensed by the State of New York under the name Crown Heights Center for Nursing and Rehabilitation, located at 810-20 St Marks Avenue, Brooklyn,

New York, 11213.  At all relevant times, Plaintiff, St. Marks Brooklyn Associates L.L.C., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, St. Marks Brooklyn Associates L.L.C., would have been assessed a penalty of $1,101,98, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, St. Marks Brooklyn Associates L.L.C. was placed in the third quintile.

141.    Plaintiff, THE CENTER FOR REHABILITATION AND HEALTHCARE AT DUTCHESS, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name The Grand Rehabilitation and Nursing at Pawling, located at 9 Reservoir Road, Pawling, New York, 12564-1715.  At all relevant times, Plaintiff, The Center for Rehabilitation and Healthcare at Dutchess, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, The Center for Rehabilitation and Healthcare at Dutchess, LLC, would have been assessed a penalty of $1,074,618, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, The Center for Rehabilitation and Healthcare at Dutchess, LLC was placed in the fifth quintile.

142.    Plaintiff, SUTTON PARK CENTER FOR NURSING AND REHABILITATION, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Sutton Park Center for Nursing & Rehabilitation, located at 31 Lockwood Avenue, New Rochelle, New York, 10801.  At all relevant times, Plaintiff, Sutton Park Center for

Nursing and Rehabilitation, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Sutton Park Center for Nursing and Rehabilitation, LLC, would have been assessed a penalty of $1,068,463, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Sutton Park Center for Nursing and Rehabilitation, LLC was placed in the third quintile.

143. Plaintiff, PARK MANOR ACQUISITION II, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Middletown Park Rehabilitation & Health Care Center, located at 121 Dunning Road, Middletown, New York, 10940-2243. At all relevant times, Plaintiff, Park Manor Acquisition II, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Park Manor Acquisition II, LLC, would have been assessed a penalty of $1,062,337, of which $450,947 is attributable to the amount the State would have confiscated under the 5% profits cap and $611,389 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Park Manor Acquisition II, LLC was placed in the first quintile.

144. Plaintiff, FIELDSTON OPERATING LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Fieldston Lodge Care Center, located at 666 Kappock Street, Bronx, New York, 10463-7704. At all relevant times, Plaintiff, Fieldston Operating LLC, participated in New York's Medicaid program. Based on its

revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Fieldston Operating

LLC, would have been assessed a penalty of $1,052,002, attributable to a penalty assessed under

the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds

pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Fieldston

Operating LLC was placed in the second quintile.

145.    Plaintiff, PAVILLION OPERATIONS LLC, is a limited liability company that

operates a nursing home licensed by the State of New York under the name Corning Center for

Rehabilitation and Healthcare, located at 205 E. First Street, Corning, New York, 14830-2809.  At

all relevant times, Plaintiff, Pavillion Operations LLC, participated in New York's Medicaid

program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff,

Pavillion Operations LLC, would have been assessed a penalty of $1,014,277, attributable to a

penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by

DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270"

of this Complaint, Pavillion Operations LLC was placed in the fourth quintile.

146.    Plaintiff, SUSQUEHANNA NURSING & REHABILITATION CENTER LLC, is

a limited liability company that operates a nursing home licensed by the State of New York under

the name Susquehanna Nursing & Rehabilitation Center, located at 282 Riverside Drive, Johnson

City, New York, 13790-2774. At all relevant times, Plaintiff, Susquehanna Nursing &

Rehabilitation Center LLC, participated in New York's Medicaid program. Based on its revenues

and expenses for 2019, had Section 2828 been in effect, Plaintiff, Susquehanna Nursing &

Rehabilitation Center LLC, would have been assessed a penalty of $1,002,804, attributable to a

penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by

DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Susquehanna Nursing & Rehabilitation Center LLC was placed in the second quintile.

147.    Plaintiff, 225 BENNETT ROAD OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name ElderWood at Cheektowaga, located at 225 Bennett Road, Cheektowaga, New York, 14227-1528.  At all relevant times, Plaintiff, 225 Bennett Road Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 225 Bennett Road Operating Company, LLC, would have been assessed a penalty of $999,718, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 225 Bennett Road Operating Company, LLC was placed in the fourth quintile.

148.    Plaintiff, HARLEM CENTER FOR NURSING AND REHABILITATION, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Harlem Center for Nursing and Rehabilitation, located at 30 West 138th Street, New York, New York, 10037-1710.  At all relevant times, Plaintiff, Harlem Center for Nursing and Rehabilitation, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Harlem Center for Nursing and Rehabilitation, LLC, would have been assessed a penalty of $999,666, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this

Complaint, Harlem Center for Nursing and Rehabilitation, LLC was placed in the second quintile.

149.     Plaintiff, SUFFOLK CENTER RECEIVER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Suffolk Center for Rehabilitation and Nursing, located at 25 Schoenfeld Blvd, Patchogue, New York, 11772-2999.  At all relevant times, Plaintiff, Suffolk Center Receiver, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Suffolk Center Receiver, LLC, would have been assessed a penalty of $974,272, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Suffolk Center Receiver, LLC was placed in the fifth quintile.

150.     Plaintiff, 1818 COMO PARK BOULEVARD OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name ElderWood At Lancaster, located at 1818 Como Park Blvd, Lancaster, New York, 14086-2824.  At all relevant times, Plaintiff, 1818 Como Park Boulevard Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 1818 Como Park Boulevard Operating Company, LLC, would have been assessed a penalty of $970,604, of which $210,061 is attributable to the amount the State would have confiscated under the 5% profits cap and $760,544 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 1818 Como Park Boulevard Operating Company, LLC was placed in the first quintile.

151.     Plaintiff, NEW YORK REHABILITATION CARE MGMT, LLC, is a limited

liability company that operates a nursing home licensed by the State of New York under the name New York Center for Rehabilitation & Nursing, located at 26-13 21st Street, Astoria, New York, 11102.  At all relevant times, Plaintiff, New York Rehabilitation Care Mgmt, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, New York Rehabilitation Care Mgmt, LLC, would have been assessed a penalty of $961,384, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, New York Rehabilitation Care Mgmt, LLC was placed in the third quintile.

152.   Plaintiff, BRIDGEWATER CENTER FOR REHABILITATION AND NURSING, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Bridgewater Center For Rehabilitation and Nursing, LLC, located at 159-163 Front Street, Binghamton, New York, 13905-3103.  At all relevant times, Plaintiff, Bridgewater Center For Rehabilitation and Nursing, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Bridgewater Center For Rehabilitation and Nursing, LLC, would have been assessed a penalty of $955,609, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Bridgewater Center For Rehabilitation and Nursing, LLC was placed in the fifth quintile.

153.   Plaintiff, HUDSON WIDE HEALTHCARE, a partnership, operates a nursing home licensed by the State of New York under the name Renaissance Rehabilitation and Nursing

Care Center, located at 4975 Albany Post Road, Staatsburg, New York, 12580-6049.  At all relevant times, Plaintiff, Hudson Wide Healthcare, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Hudson Wide Healthcare, would have been assessed a penalty of $943,546, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Hudson Wide Healthcare was placed in the fifth quintile.

154.   Plaintiff, EASTCHESTER REHABILITATION & HEALTH CARE CENTER, is a limited liability company that operates a nursing home licensed by the State of New York under the name Eastchester Rehabilitation & Health Care Center, located at 2700 Eastchester Road, Bronx, New York, 10469-5923.  At all relevant times, Plaintiff, Eastchester Rehabilitation & Health Care Center, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Eastchester Rehabilitation & Health Care Center, would have been assessed a penalty of $934,355, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Eastchester Rehabilitation & Health Care Center was placed in the fourth quintile.

155.   Plaintiff, HRNC, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Highland Park Rehabilitation and Nursing Center, located at 160 Seneca Street, Wellsville, New York, 14895-1368.  At all relevant times, Plaintiff, HRNC, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, HRNC, LLC, would have been

assessed a penalty of $932,899, of which $418,715 is attributable to the amount the State would have confiscated under the 5% profits cap and $514,184 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, HRNC, LLC was placed in the first quintile.

156.   Plaintiff, SKY VIEW REHABILITATION AND HEALTH CARE CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Sky View Rehabilitation and Health Care Center, located at 1280 Albany Post Road, Croton-on-Hudson, New York, 10520-9809.  At all relevant times, Plaintiff, Sky View Rehabilitation and Health Care Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Sky View Rehabilitation and Health Care Center LLC, would have been assessed a penalty of $926,226, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Sky View Rehabilitation and Health Care Center LLC was placed in the fourth quintile.

157.   Plaintiff, WESTGATE OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Rochester Center for Rehabilitation and Nursing, located at 525 Beahan Road, Rochester, New York, 14624.  At all relevant times, Plaintiff, Westgate Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Westgate Operations Associates LLC, would have been assessed a penalty

of $907,127, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Westgate Operations Associates LLC was placed in the fifth quintile.

158.    Plaintiff, L&A OPERATIONAL LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Luxor Nursing and Rehabilitation at Sayville, located at 300 Broadway Avenue, Sayville, New York, 11782-1628.  At all relevant times, Plaintiff, L&A Operational LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, L&A Operational LLC, would have been assessed a penalty of $896,085, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, L&A Operational LLC was placed in the fifth quintile.

159.    Plaintiff, ROCKAWAY CARE CENTER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Rockaway Care Center, located at 353 Beach 48th Street, Edgemere, New York, 11691.  At all relevant times, Plaintiff, Rockaway Care Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Rockaway Care Center, LLC, would have been assessed a penalty of $872,506, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Rockaway Care Center, LLC was placed in the fourth quintile.

160.    Plaintiff, NORTHERN METROPOLITAN RESIDENTIAL HEALTH CARE, a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name Northern Metropolitan Residential Health Care, located at 225 Maple Avenue, Monsey, New York, 10952-2715.  At all relevant times, Plaintiff, Northern Metropolitan Residential Health Care, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Northern Metropolitan Residential Health Care, would have been assessed a penalty of $839,507, of which $107,079 is attributable to the amount the State would have confiscated under the 5% profits cap and $732,428 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Northern Metropolitan Residential Health Care was placed in the fifth quintile.

161.    Plaintiff, CPRNC, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name CPRNC, LLC, located at 116 Martin Luther King East, Syracuse, New York, 13205-1110.  At all relevant times, Plaintiff, CPRNC, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CPRNC, LLC, would have been assessed a penalty of $805,111, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CPRNC, LLC was placed in the first quintile.

162.    Plaintiff, HIGHLAND NURSING HOME, INC., a corporation, operates a nursing home licensed by the State of New York under the name Highland Nursing Home, located at 182 Highland Road, Massena, New York, 13662-3281.  At all relevant times, Plaintiff, Highland

Nursing Home, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Highland Nursing Home, Inc., would have been assessed a penalty of $799,815, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Highland Nursing Home, Inc. was placed in the third quintile.

163.    Plaintiff, OAK HILL OPERATING CO LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Oak Hill Manor, located at 602 Hudson Street, Ithaca, New York, 14850.  At all relevant times, Plaintiff, Oak Hill Operating Co LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Oak Hill Operating Co LLC, would have been assessed a penalty of $791,876, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Oak Hill Operating Co LLC was placed in the fourth quintile.

164.    Plaintiff, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ALLEGANY LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Absolut Center for Nursing and Rehabilitation at Allegany LLC, located at 2178 North 5th Street, Allegany, New York, 14706.  At all relevant times, Plaintiff, Absolut Center for Nursing and Rehabilitation at Allegany LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Absolut Center for Nursing and Rehabilitation at Allegany LLC, would have

been assessed a penalty of $785,433, of which $306,899 is attributable to the amount the State would have confiscated under the 5% profits cap and $478,534 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Absolut Center for Nursing and Rehabilitation at Allegany LLC was placed in the first quintile.

165.    Plaintiff, CLR CARTHAGE LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Carthage Center for Rehabilitation and Nursing, located at 1045 West Street, Carthage, New York, 13619-9790.  At all relevant times, Plaintiff, CLR Carthage LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CLR Carthage LLC, would have been assessed a penalty of $777,073, of which $267,478 is attributable to the amount the State would have confiscated under the 5% profits cap and $509,596 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CLR Carthage LLC was placed in the fourth quintile.

166.    Plaintiff, WILLIAMSBURG SERVICES, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Bedford Center for Nursing and Rehabilitation, located at 40 Heyward Street, Brooklyn, New York, 11249.  At all relevant times, Plaintiff, Williamsburg Services, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Williamsburg Services, LLC, would have been assessed a penalty of $773,646, of which $224,827 is attributable to the amount the State would have confiscated under the 5% profits cap and

$548,819 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Williamsburg Services, LLC was placed in the second quintile.

167.    Plaintiff, OTSEGO SNF OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Cooperstown Center for Rehabilitation and Nursing, located at 128 Phoenix Mills Cross Road, Cooperstown, New York, 13326.   At all relevant times, Plaintiff, Otsego SNF Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Otsego SNF Operations Associates LLC, would have been assessed a penalty of $764,192, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Otsego SNF Operations Associates LLC was placed in the none listed quintile.

168.    Plaintiff, GOLDEN GATE REHABILITATION AND HEALTH CARE CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Golden Gate Rehabilitation and Health Care Center, located at 191 Bradley Avenue, Staten Island, New York, 10314-5196.   At all relevant times, Plaintiff, Golden Gate Rehabilitation and Health Care Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Golden Gate Rehabilitation and Health Care Center LLC, would have been assessed a penalty of $761,575, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual

distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Golden Gate Rehabilitation and Health Care Center LLC was placed in the fourth quintile.

169.    Plaintiff, 185 OLD MILITARY ROAD OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Elderwood of Uihlein at Lake Placid, located at 185 Old Military Road, Lake Placid, New York, 12946-1792.  At all relevant times, Plaintiff, 185 Old Military Road Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 185 Old Military Road Operating Company, LLC, would have been assessed a penalty of $749,253, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 185 Old Military Road Operating Company, LLC was placed in the third quintile.

170.    Plaintiff, DITMAS PARK REHABILITATION & CARE CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Ditmas Park Care Center, located at 2107 Ditmas Avenue, Brooklyn, New York, 11226-6903.  At all relevant times, Plaintiff, Ditmas Park Rehabilitation & Care Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Ditmas Park Rehabilitation & Care Center LLC, would have been assessed a penalty of $721,012, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Ditmas Park Rehabilitation & Care Center

LLC was placed in the third quintile.

171.    Plaintiff, JSSG HEALTHCARE, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name JSSG Healthcare, LLC, located at 168 West Main Street, Springville, New York, 14141-1099.  At all relevant times, Plaintiff, JSSG Healthcare, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, JSSG Healthcare, LLC, would have been assessed a penalty of $720,888, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, JSSG Healthcare, LLC was placed in the second quintile.

172.    Plaintiff, 2600 NIAGARA FALLS BOULEVARD OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name ElderWood at Wheatfield, located at 2600 Niagara Falls Blvd, Niagara Falls, New York, 14304-4560.  At all relevant times, Plaintiff, 2600 Niagara Falls Boulevard Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 2600 Niagara Falls Boulevard Operating Company, LLC, would have been assessed a penalty of $698,377, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 2600 Niagara Falls Boulevard Operating Company, LLC was placed in the second quintile.

173.    Plaintiff, CHITTENANGO CENTER, LLC, is a limited liability company that

operates a nursing home licensed by the State of New York under the name The Grand Rehabilitation and Nursing at Chittenango, located at 331 Russell Street, Chittenango, New York, 13037-1201.  At all relevant times, Plaintiff, Chittenango Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Chittenango Center, LLC, would have been assessed a penalty of $672,639, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Chittenango Center, LLC was placed in the fourth quintile.

174.    Plaintiff, CCRNC, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name CCRNC, LLC, located at 28 Kellogg Road, Cortland, New York, 13045.  At all relevant times, Plaintiff, CCRNC, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CCRNC, LLC, would have been assessed a penalty of $660,045, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CCRNC, LLC was placed in the first quintile.

175.    Plaintiff, CGSR, INC., a corporation, operates a nursing home licensed by the State of New York under the name Meadowbrook Healthcare, located at 154 Prospect Avenue, Plattsburgh, New York, 12901-1302.  At all relevant times, Plaintiff, CGSR, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CGSR, Inc., would have been assessed a penalty of $656,505, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution

by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CGSR, Inc. was placed in the third quintile.

176.    Plaintiff, THE BRIGHTONIAN, INC., a corporation, operates a nursing home licensed by the State of New York under the name The Brightonian, Inc., located at 1919 Elmwood Avenue, Rochester, New York, 14620-3398.  At all relevant times, Plaintiff, The Brightonian, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, The Brightonian, Inc., would have been assessed a penalty of $627,647, of which $153,823 is attributable to the amount the State would have confiscated under the 5% profits cap and $473,823 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, The Brightonian, Inc. was placed in the fifth quintile.

177.    Plaintiff, CSRNC, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name CSRNC, LLC, located at 302 Swart Hill Road, Amsterdam, New York, 12010-7081.  At all relevant times, Plaintiff, CSRNC, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CSRNC, LLC, would have been assessed a penalty of $620,054, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CSRNC, LLC was placed in the fourth quintile.

178.    Plaintiff, SUNNYSIDE CARE CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Sunnyside Care Center,

located at 7000 Collamer Road, East Syracuse, New York, 13057-9764.  At all relevant times, Plaintiff, Sunnyside Care Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Sunnyside Care Center LLC, would have been assessed a penalty of $606,508, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Sunnyside Care Center LLC was placed in the fifth quintile.

179.    Plaintiff, COSDEN LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Palatine Nursing Home, located at 154 Lafayette Street, Palatine Bridge, New York, 13428-9715.  At all relevant times, Plaintiff, Cosden LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Cosden LLC, would have been assessed a penalty of $602,863, of which $215,793 is attributable to the amount the State would have confiscated under the 5% profits cap and $387,069 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Cosden LLC was placed in the first quintile.

180.    Plaintiff, WINDSOR PARK NURSING HOME LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Windsor Park Nursing Home, located at 212-40 Hillside Avenue, Queens Village, New York, 11427-1897.  At all relevant times, Plaintiff, Windsor Park Nursing Home LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect,

Plaintiff, Windsor Park Nursing Home LLC, would have been assessed a penalty of $594,353, of which $56,412 is attributable to the amount the State would have confiscated under the 5% profits cap and $537,941 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Windsor Park Nursing Home LLC was placed in the third quintile.

181.    Plaintiff, OCEANSIDE CARE CENTER INC, a corporation, operates a nursing home licensed by the State of New York under the name Oceanside Care Center, located at 2914 Lincoln Avenue, Oceanside, New York, 11572-2141.  At all relevant times, Plaintiff, Oceanside Care Center Inc, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Oceanside Care Center Inc, would have been assessed a penalty of $591,528, of which $427,992 is attributable to the amount the State would have confiscated under the 5% profits cap and $163,536 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Oceanside Care Center Inc was placed in the fourth quintile.

182.    Plaintiff, ORNC LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Chestnut Park Rehabilitation and Nursing Center, located at 330 Chestnut Street, Oneonta, New York, 13820-1212.  At all relevant times, Plaintiff, ORNC LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, ORNC LLC, would have been assessed a penalty of $581,783, of which $49,024 is attributable to the amount the State would

have confiscated under the 5% profits cap and $532,759 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, ORNC LLC was placed in the fifth quintile.

183.    Plaintiff, WASHINGTON OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Washington Center for Rehabilitation and Healthcare, located at 4573 State Route 40, Argyle, New York, 12809.  At all relevant times, Plaintiff, Washington Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Washington Operations Associates LLC, would have been assessed a penalty of $576,770, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Washington Operations Associates LLC was placed in the fourth quintile.

184.    Plaintiff, HAVEN MANOR HEALTH CARE CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Haven Manor Health Care Center, located at 1441 Gateway Blvd, Far Rockaway, New York, 11691-4316.  At all relevant times, Plaintiff, Haven Manor Health Care Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Haven Manor Health Care Center LLC, would have been assessed a penalty of $568,838, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described

in Paragraph "270" of this Complaint, Haven Manor Health Care Center LLC was placed in the first quintile.

185.    Plaintiff, SUNSET NURSING AND REHABILITATION, INC., a corporation, operates a nursing home licensed by the State of New York under the name Sunset Nursing and Rehabilitation, Inc., located at 232 Academy Street, Boonville, New York, 13309-1394.  At all relevant times, Plaintiff, Sunset Nursing and Rehabilitation, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Sunset Nursing and Rehabilitation, Inc., would have been assessed a penalty of $565,783, of which $66,988 is attributable to the amount the State would have confiscated under the 5% profits cap and $498,796 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Sunset Nursing and Rehabilitation, Inc. was placed in the second quintile.

186.    Plaintiff, NEW VANDERBILT REHABILITATION AND CARE CENTER INC., a corporation, operates a nursing home licensed by the State of New York under the name New Vanderbilt Rehabilitation and Care Center, located at 135 Vanderbilt Avenue, Staten Island, New York, 10304-2697.  At all relevant times, Plaintiff, New Vanderbilt Rehabilitation and Care Center Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, New Vanderbilt Rehabilitation and Care Center Inc., would have been assessed a penalty of $559,188, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, New

Vanderbilt Rehabilitation and Care Center Inc. was placed in the fourth quintile.

187.    Plaintiff, KINGSWAY ARMS NURSING CENTER INC., a corporation, operates a nursing home licensed by the State of New York under the name Kingsway Arms Nursing Center Inc., located at 323 Kings Road, Schenectady, New York, 12304-3645.  At all relevant times, Plaintiff, Kingsway Arms Nursing Center Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Kingsway Arms Nursing Center Inc., would have been assessed a penalty of $557,150, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Kingsway Arms Nursing Center Inc. was placed in the first quintile.

188.    Plaintiff, UTICA OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Oneida Center for Rehabilitation & Nursing, located at 1445 Kemble Street, Utica, New York, 13501.  At all relevant times, Plaintiff, Utica Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Utica Operations Associates LLC, would have been assessed a penalty of $531,864, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Utica Operations Associates LLC was placed in the fourth quintile.

189.    Plaintiff, EXCEL AT WOODBURY FOR REHABILITATION AND NURSING, LLC, is a limited liability company that operates a nursing home licensed by the State of New

York under the name Excel at Woodbury, located at 8533 Jericho Turnpike, Woodbury, New York, 11797.  At all relevant times, Plaintiff, Excel at Woodbury for Rehabilitation and Nursing, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Excel at Woodbury for Rehabilitation and Nursing, LLC, would have been assessed a penalty of $519,484, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Excel at Woodbury for Rehabilitation and Nursing, LLC was placed in the first quintile.

190.   Plaintiff, ECRNC, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name ECRNC, LLC, located at 1070 Luther Road, East Greenbush, New York, 12061-4020.  At all relevant times, Plaintiff, ECRNC, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, ECRNC, LLC, would have been assessed a penalty of $517,139, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, ECRNC, LLC was placed in the fourth quintile.

191.   Plaintiff, UNIVERSITY NURSING HOME, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name University Center for Rehabilitation and Nursing, located at 2505 Grand Avenue, Bronx, New York, 10468-4297.  At all relevant times, Plaintiff, University Nursing Home, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, University Nursing Home, LLC, would have been assessed a penalty of $513,260, attributable to

a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, University Nursing Home, LLC was placed in the fourth quintile.

192.    Plaintiff, NEWARK MANOR NURSING HOME, INC., a corporation, operates a nursing home licensed by the State of New York under the name Newark Manor Nursing Home, Inc., located at 222 W. Pearl Street, Newark, New York, 14513-1099.  At all relevant times, Plaintiff, Newark Manor Nursing Home, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Newark Manor Nursing Home, Inc., would have been assessed a penalty of $502,943, of which $133,316 is attributable to the amount the State would have confiscated under the 5% profits cap and $369,627 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Newark Manor Nursing Home, Inc. was placed in the fifth quintile.

193.    Plaintiff, AVON NURSING HOME, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Avon Nursing Home, LLC, located at 215 Clinton Street, Avon, New York, 14414-1413.  At all relevant times, Plaintiff, Avon Nursing Home, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Avon Nursing Home, LLC, would have been assessed a penalty of $496,860, of which $220,220 is attributable to the amount the State would have confiscated under the 5% profits cap and $276,640 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of

quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Avon Nursing Home, LLC was placed in the second quintile.

194.     Plaintiff, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT GASPORT LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Absolut Center for Nursing and Rehabilitation at Gasport LLC, located at 4540 Lincoln Drive, Gasport, New York, 14067.  At all relevant times, Plaintiff, Absolut Center for Nursing and Rehabilitation at Gasport LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Absolut Center for Nursing and Rehabilitation at Gasport LLC, would have been assessed a penalty of $481,746, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Absolut Center for Nursing and Rehabilitation at Gasport LLC was placed in the fourth quintile.

195.     Plaintiff, SURGE REHABILITATION AND NURSING, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Surge Rehabilitation & Nursing, located at 49 Oakcrest Avenue, Middle Island, New York, 1195.  At all relevant times, Plaintiff, Surge Rehabilitation and Nursing, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Surge Rehabilitation and Nursing, LLC, would have been assessed a penalty of $478,614, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Surge Rehabilitation and Nursing, LLC was placed in the third

quintile.

196.     Plaintiff, HILLSIDE MANOR REHABILITATION AND EXTENDED CARE CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Hillside Manor Rehabilitation and Extended Care Center LLC, located at 182-15 Hillside Avenue, Jamaica Estates, New York, 11432-4853.  At all relevant times, Plaintiff, Hillside Manor Rehabilitation and Extended Care Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Hillside Manor Rehabilitation and Extended Care Center LLC, would have been assessed a penalty of $473,134, of which $226,868 is attributable to the amount the State would have confiscated under the 5% profits cap and $246,266 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Hillside Manor Rehabilitation and Extended Care Center LLC was placed in the first quintile.

197.     Plaintiff, CARILLON NURSING AND REHABILITATION CENTER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Carillon Nursing and Rehabilitation Center, LLC, located at 830 Park Avenue, Huntington, New York, 11743-4599.  At all relevant times, Plaintiff, Carillon Nursing and Rehabilitation Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Carillon Nursing and Rehabilitation Center, LLC, would have been assessed a penalty of $470,659, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270"

of this Complaint, Carillon Nursing and Rehabilitation Center, LLC was placed in the first quintile.

198.    Plaintiff, VALLEY VIEW MANOR, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Valley View Manor Nursing Home, located at 40 Park Street, Norwich, New York, 13815-1556.  At all relevant times, Plaintiff, Valley View Manor, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Valley View Manor, LLC, would have been assessed a penalty of $469,544, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Valley View Manor, LLC was placed in the second quintile.

199.    Plaintiff, MAXIMUS 909 OPERATIONS, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Lockport Rehab and Health Care Center, located at 909 Lincoln Avenue, Lockport, New York, 14094-6142.  At all relevant times, Plaintiff, Maximus 909 Operations, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Maximus 909 Operations, LLC, would have been assessed a penalty of $466,431, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Maximus 909 Operations, LLC was placed in the first quintile.

200.    Plaintiff, IR OPERATIONS ASSOCIATES LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Granville Center for Rehabilitation and Nursing, located at 17 Madison Street, Granville, New York, 12832-

1221.  At all relevant times, Plaintiff, IR Operations Associates LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, IR Operations Associates LLC, would have been assessed a penalty of $452,312, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, IR Operations Associates LLC was placed in the fifth quintile.

201.  Plaintiff, 2850 GRAND ISLAND BOULEVARD OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name ElderWood at Grand Island, located at 2850 Grand Island Blvd, Grand Island, New York, 14072-1251.  At all relevant times, Plaintiff, 2850 Grand Island Boulevard Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 2850 Grand Island Boulevard Operating Company, LLC, would have been assessed a penalty of $438,459, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 2850 Grand Island Boulevard Operating Company, LLC was placed in the first quintile.

202.  Plaintiff, HOLLIS PARK MANOR NURSING HOME INC., a corporation, operates a nursing home licensed by the State of New York under the name Hollis Park Manor, located at 191-06 Hillside Avenue, Hollis, New York, 11423-1942.  At all relevant times, Plaintiff, Hollis Park Manor Nursing Home Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Hollis Park Manor

Nursing Home Inc., would have been assessed a penalty of $434,432, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Hollis Park Manor Nursing Home Inc. was placed in the fifth quintile.

203.     Plaintiff, TROY DIAMOND OPERATING LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name The Diamond Hill Nursing and Rehabilitation Center, located at 100 New Turnpike Road, Troy, New York, 12182.  At all relevant times, Plaintiff, Troy Diamond Operating LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Troy Diamond Operating LLC, would have been assessed a penalty of $423,844, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Troy Diamond Operating LLC was placed in the fifth quintile.

204.     Plaintiff, COLONIAL PARK REHABILITATION AND NURSING CENTER, a partnership, operates a nursing home licensed by the State of New York under the name Colonial Park Rehabilitation and Nursing Center, located at 950 Floyd Avenue, Rome, New York, 13440-4535.  At all relevant times, Plaintiff, Colonial Park Rehabilitation and Nursing Center, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Colonial Park Rehabilitation and Nursing Center, would have been assessed a penalty of $423,110, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Colonial Park

Rehabilitation and Nursing Center was placed in the second quintile.

205.    Plaintiff, CLR GLENS FALLS LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Glens Falls Center for Rehabilitation and Nursing, located at 152 Sherman Avenue, Glens Falls, New York, 12801.  At all relevant times, Plaintiff, CLR Glens Falls LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CLR Glens Falls LLC, would have been assessed a penalty of $412,535, of which $34,736 is attributable to the amount the State would have confiscated under the 5% profits cap and $377,799 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CLR Glens Falls LLC was placed in the fifth quintile.

206.    Plaintiff, NEW GLEN OAKS NURSING HOME, INC., a corporation, operates a nursing home licensed by the State of New York under the name New Glen Oaks Nursing Home, located at 260-01 79th Avenue, Glen Oaks, New York, 11004.  At all relevant times, Plaintiff, New Glen Oaks Nursing Home, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, New Glen Oaks Nursing Home, Inc., would have been assessed a penalty of $408,281, of which $314,810 is attributable to the amount the State would have confiscated under the 5% profits cap and $93,472 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, New Glen Oaks Nursing Home, Inc. was placed in the first quintile.

207.   Plaintiff, CLR TROY LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Troy Center for Rehabilitation and Nursing, located at 49 Marvin Avenue, Troy, New York, 12180.  At all relevant times, Plaintiff, CLR Troy LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CLR Troy LLC, would have been assessed a penalty of $337,599, of which $27,434 is attributable to the amount the State would have confiscated under the 5% profits cap and $310,166 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CLR Troy LLC was placed in the fifth quintile.

208.   Plaintiff, BRONX HARBOR HEALTH CARE COMPLEX, INC., a corporation, operates a nursing home licensed by the State of New York under the name Kings Harbor Multicare Center, located at 2000 E. Gun Hill Road, Bronx, New York, 10469-6016.  At all relevant times, Plaintiff, Bronx Harbor Health Care Complex, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Bronx Harbor Health Care Complex, Inc., would have been assessed a penalty of $327,014 attributable to the amount the State would have confiscated under the 5% profits cap, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Bronx Harbor Health Care Complex, Inc. was placed in the first quintile.

209.   Plaintiff, 5775 MAELOU DRIVE OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name

ElderWood at Hamburg, located at 5775 Maelou Drive, Hamburg, New York, 14075-7419.  At all relevant times, Plaintiff, 5775 Maelou Drive Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 5775 Maelou Drive Operating Company, LLC, would have been assessed a penalty of $324,786, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 5775 Maelou Drive Operating Company, LLC was placed in the third quintile.

210.    Plaintiff, 4459 BAILEY AVENUE OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name ElderWood at Amherst, located at 4459 Bailey Avenue, Amherst, New York, 14226-2129.  At all relevant times, Plaintiff, 4459 Bailey Avenue Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 4459 Bailey Avenue Operating Company, LLC, would have been assessed a penalty of $309,334, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 4459 Bailey Avenue Operating Company, LLC was placed in the second quintile.

211.    Plaintiff, MONTGOMERY OPERATING CO LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Montgomery Nursing and Rehabilitation Center, located at 2817 Albany Post Road, Montgomery, New York, 12549-2132.  At all relevant times, Plaintiff, Montgomery Operating Co LLC, participated in New

York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Montgomery Operating Co LLC, would have been assessed a penalty of $289,559, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Montgomery Operating Co LLC was placed in the fifth quintile.

212.    Plaintiff, CLR NEW PALTZ LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name New Paltz Center for Rehabilitation and Nursing, located at 1 Jansen Road PO Box 909, New Paltz, New York, 12561-3811.  At all relevant times, Plaintiff, CLR New Paltz LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CLR New Paltz LLC, would have been assessed a penalty of $258,606, of which $33,074 is attributable to the amount the State would have confiscated under the 5% profits cap and $225,532 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CLR New Paltz LLC was placed in the fifth quintile.

213.    Plaintiff, WOODSIDE MANOR NURSING HOME, INC., a corporation, operates a nursing home licensed by the State of New York under the name Woodside Manor Nursing Home, Inc., located at 2425 Clinton Avenue South, Rochester, New York, 14618-2646.  At all relevant times, Plaintiff, Woodside Manor Nursing Home, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Woodside Manor Nursing Home, Inc., would have been assessed a penalty of $255,358,

attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Woodside Manor Nursing Home, Inc. was placed in the fourth quintile.

214.    Plaintiff, WESLEY GARDENS CORPORATION, a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name Wesley Gardens, located at 3 Upton Park, Rochester, New York, 14607.  At all relevant times, Plaintiff, Wesley Gardens Corporation, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Wesley Gardens Corporation, would have been assessed a penalty of $251,953, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Wesley Gardens Corporation was placed in the fifth quintile.

215.    Plaintiff, PARK NURSING HOME, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Park Nursing Home, located at 128 Beach 115th Street, Rockaway Park, New York, 11694.  At all relevant times, Plaintiff, Park Nursing Home, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Park Nursing Home, LLC, would have been assessed a penalty of $244,853, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Park Nursing Home, LLC was placed in the fourth quintile.

216.     Plaintiff, NORTHGATE HEALTH CARE FACILITY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Northgate Health Care Facility, located at 7264 Nash Road, North Tonawanda, New York, 14120-1598.  At all relevant times, Plaintiff, Northgate Health Care Facility, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Northgate Health Care Facility, LLC, would have been assessed a penalty of $242,995, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Northgate Health Care Facility, LLC was placed in the first quintile.

217.     Plaintiff, GARDEN GATE HEALTH CARE FACILITY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Garden Gate Health Care Facility, located at 2365 Union Road, Cheektowaga, New York, 14227-2234.  At all relevant times, Plaintiff, Garden Gate Health Care Facility, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Garden Gate Health Care Facility, LLC, would have been assessed a penalty of $240,647, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Garden Gate Health Care Facility, LLC was placed in the first quintile.

218.     Plaintiff, EAST HAVEN NURSING AND REHABILITATION CENTER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York

under the name East Haven Nursing and Rehabilitation Center, located at 2323 Eastchester Road, Bronx, New York, 10469-5910.  At all relevant times, Plaintiff, East Haven Nursing and Rehabilitation Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, East Haven Nursing and Rehabilitation Center, LLC, would have been assessed a penalty of $239,251, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, East Haven Nursing and Rehabilitation Center, LLC was placed in the fourth quintile.

219.    Plaintiff, WILLIAMSBRIDGE MANOR NURSING HOME, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Williamsbridge Center for Rehabilitation and Nursing, located at 1540 Tomlinson Avenue, Bronx, New York, 10461-1527.  At all relevant times, Plaintiff, Williamsbridge Manor Nursing Home, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Williamsbridge Manor Nursing Home, LLC, would have been assessed a penalty of $239,217, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Williamsbridge Manor Nursing Home, LLC was placed in the fourth quintile.

220.    Plaintiff, HORNELL GARDENS, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Hornell Gardens, LLC, located at 434 Monroe Avenue, Hornell, New York, 14843-2236.  At all relevant times, Plaintiff, Hornell

Gardens, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Hornell Gardens, LLC, would have been assessed a penalty of $233,865, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Hornell Gardens, LLC was placed in the third quintile.

221.    Plaintiff, SUNHARBOR ACQUISITION I, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Sunharbor Manor, located at 255 Warner Avenue, Roslyn Heights, New York, 11577.  At all relevant times, Plaintiff, Sunharbor Acquisition I, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Sunharbor Acquisition I, LLC, would have been assessed a penalty of $231,616, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Sunharbor Acquisition I, LLC was placed in the fifth quintile.

222.    Plaintiff, WATERVIEW NURSING CARE CENTER INC., a corporation, operates a nursing home licensed by the State of New York under the name Waterview Nursing Care Center, located at 119-15 27th Avenue, Flushing, New York, 11354-1094.  At all relevant times, Plaintiff, Waterview Nursing Care Center Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Waterview Nursing Care Center Inc., would have been assessed a penalty of $230,316, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution

by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Waterview Nursing Care Center Inc. was placed in the third quintile.

223.     Plaintiff, CLR MINOA LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Onondaga Center for Rehabilitation and Nursing, located at 217 East Avenue, Minoa, New York, 13116.  At all relevant times, Plaintiff, CLR Minoa LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CLR Minoa LLC, would have been assessed a penalty of $228,891, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CLR Minoa LLC was placed in the fifth quintile.

224.     Plaintiff, LATTA ROAD NURSING HOME WEST, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Latta Road Nursing Home West, LLC, located at 2100 Latta Road, Rochester, New York, 14612-3728.  At all relevant times, Plaintiff, Latta Road Nursing Home West, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Latta Road Nursing Home West, LLC, would have been assessed a penalty of $214,485, of which $198,202 is attributable to the amount the State would have confiscated under the 5% profits cap and $16,284 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Latta Road Nursing Home West, LLC was placed in the second quintile.

225.    Plaintiff, FOLTSCARE LLC, a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name FoltsBrook Center Nursing and Rehabilitation, located at 104 N Washington Street, Herkimer, New York, 13350.  At all relevant times, Plaintiff, FoltsCare LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, FoltsCare LLC, would have been assessed a penalty of $212,352, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, FoltsCare LLC was placed in the fourth quintile.

226.    Plaintiff, CLR GRANVILLE LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Slate Valley Center for Rehabilitation and Nursing, located at 10421 State Rte 40, Granville, New York, 12832-5713.  At all relevant times, Plaintiff, CLR Granville LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, CLR Granville LLC, would have been assessed a penalty of $205,147, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, CLR Granville LLC was placed in the fifth quintile.

227.    Plaintiff, EAST NORTHPORT RESIDENTIAL HEALTH CARE FACILITY, INC., a corporation, operates a nursing home licensed by the State of New York under the name Huntington Hills Center for Health & Rehabilitation, located at 400 South Service Road, Melville, New York, 11747-3229.  At all relevant times, Plaintiff, East Northport Residential Health Care

Facility, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, East Northport Residential Health Care Facility, Inc., would have been assessed a penalty of $187,492, attributable to the amount the State would have confiscated under the 5% profits cap, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, East Northport Residential Health Care Facility, Inc. was placed in the fourth quintile.

228.    Plaintiff, ROSCOE REGIONAL HEALTHCARE, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Roscoe Rehabilitation and Nursing, located at 420 Rockland Road, Roscoe, New York, 12776-6450.  At all relevant times, Plaintiff, Roscoe Regional Healthcare, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Roscoe Regional Healthcare, LLC, would have been assessed a penalty of $171,193, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Roscoe Regional Healthcare, LLC was placed in the first quintile.

229.    Plaintiff, EAST SIDE NURSING HOME INC., a corporation, operates a nursing home licensed by the State of New York under the name Eastside Nursing & Rehabilitation Center, located at 62 Prospect Street, Warsaw, New York, 14569-1599.  At all relevant times, Plaintiff, East Side Nursing Home Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, East Side Nursing Home Inc., would have been assessed a penalty of $167,108, of which $11,759 is attributable to

the amount the State would have confiscated under the 5% profits cap and $155,348 is attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, East Side Nursing Home Inc. was placed in the second quintile.

230.     Plaintiff, REGO PARK NH LTD, a corporation, operates a nursing home licensed by the State of New York under the name Rego Park Health Care, located at 111-26 Corona Avenue, Flushing, New York, 11368-4027.  At all relevant times, Plaintiff, Rego Park NH LTD, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Rego Park NH LTD, would have been assessed a penalty of $166,869, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Rego Park NH LTD was placed in the third quintile.

231.     Plaintiff, 170 WEST AVENUE OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Elderwood of Lakeside at Brockport, located at 170 West Avenue, Brockport, New York, 14420-1227.  At all relevant times, Plaintiff, 170 West Avenue Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 170 West Avenue Operating Company, LLC, would have been assessed a penalty of $154,675, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 170 West Avenue Operating Company, LLC was placed in the fifth quintile.

232.     Plaintiff, PONTIAC NURSING HOME, a partnership, operates a nursing home licensed by the State of New York under the name Pontiac Care and Rehabilitation Center, located at 303 East River Road, Oswego, New York, 13126-6400.  At all relevant times, Plaintiff, Pontiac Nursing Home, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Pontiac Nursing Home, would have been assessed a penalty of $151,876, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Pontiac Nursing Home was placed in the fifth quintile.

233.     Plaintiff, FOREST HILLS CARE CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Forest Hills Care Center, located at 7144 Yellowstone Blvd, Forest Hills, New York, 11375-4114.  At all relevant times, Plaintiff, Forest Hills Care Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Forest Hills Care Center LLC, would have been assessed a penalty of $146,137, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Forest Hills Care Center LLC was placed in the second quintile.

234.     Plaintiff, 37 NORTH CHEMUNG STREET OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name ElderWood at Waverly, located at 37 N. Chemung Street, Waverly, New York, 14892-1211.  At all relevant times, Plaintiff, 37 North Chemung Street Operating Company, LLC,

participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 37 North Chemung Street Operating Company, LLC, would have been assessed a penalty of $142,580, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 37 North Chemung Street Operating Company, LLC was placed in the third quintile.

235.    Plaintiff, MORRIS PARK REHABILITATION & NURSING CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Morris Park Rehabilitation & Nursing Center, located at 1235 Pelham Pkwy North, Bronx, New York, 10469-5899.  At all relevant times, Plaintiff, Morris Park Rehabilitation & Nursing Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Morris Park Rehabilitation & Nursing Center LLC, would have been assessed a penalty of $135,526, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Morris Park Rehabilitation & Nursing Center LLC was placed in the second quintile.

236.    Plaintiff, ELCOR OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Elcor Nursing and Rehabilitation Center, located at 48 Colonial Drive, Horseheads, New York, 14845-8599.  At all relevant times, Plaintiff, Elcor Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Elcor Operating Company, LLC, would have been assessed a penalty of $134,176, attributable to

a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Elcor Operating Company, LLC was placed in the fifth quintile.

237.    Plaintiff, OZONE ACQUISITION LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Central Island Healthcare, located at 825 Old Country Road, Plainview, New York, 11803.  At all relevant times, Plaintiff, Ozone Acquisition LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Ozone Acquisition LLC, would have been assessed a penalty of $129,940, attributable to the amount the State would have confiscated under the 5% profits cap, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Ozone Acquisition LLC was placed in the second quintile.

238.    Plaintiff, NEW CARLTON REHABILITATION & NURSING CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name New Carlton Rehabilitation & Nursing Center LLC, located at 40 Carlton Avenue, Brooklyn, New York, 11238.  At all relevant times, Plaintiff, New Carlton Rehabilitation & Nursing Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, New Carlton Rehabilitation & Nursing Center LLC, would have been assessed a penalty of $128,566, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, New Carlton Rehabilitation & Nursing Center LLC was placed in the first quintile.

239.    Plaintiff, HILAIRE FARM SKILLED LIVING & REHABILITATION CENTER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Hilaire Rehabilitation and Nursing, located at 9 Hilaire Drive, Huntington, New York, 11743.  At all relevant times, Plaintiff, Hilaire Farm Skilled Living & Rehabilitation Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Hilaire Farm Skilled Living & Rehabilitation Center, LLC, would have been assessed a penalty of $127,621, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Hilaire Farm Skilled Living & Rehabilitation Center, LLC was placed in the fourth quintile.

240.    Plaintiff, MEADOW PARK REHABILITATION AND HEALTH CARE CENTER LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Meadow Park Rehabilitation and Health Care Center LLC, located at 78-10 164th Street, Flushing, New York, 11366-1229.  At all relevant times, Plaintiff, Meadow Park Rehabilitation and Health Care Center LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Meadow Park Rehabilitation and Health Care Center LLC, would have been assessed a penalty of $118,246, attributable to the amount the State would have confiscated under the 5% profits cap, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Meadow Park Rehabilitation and Health Care Center LLC was placed in the third quintile.

241.    Plaintiff, ILF OPERATING LLC, is a limited liability company that operates a

nursing home licensed by the State of New York under the name Elm Manor Rehabilitation, located at 210 N. Main Street, Canandaigua, New York, 14424.  At all relevant times, Plaintiff, ILF Operating LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, ILF Operating LLC, would have been assessed a penalty of $116,838, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, ILF Operating LLC was placed in the fifth quintile.

242.    Plaintiff, CEDAR MANOR ACQUISITION I LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Cedar Manor Nursing & Rehabilitation Center, located at 32 Cedar Lane, Ossining, New York, 10562.  At all relevant times, Plaintiff, Cedar Manor Acquisition I LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Cedar Manor Acquisition I LLC, would have been assessed a penalty of $115,136, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Cedar Manor Acquisition I LLC was placed in the fifth quintile.

243.    Plaintiff, BETSY ROSS REHABILITATION CENTER, INC., a corporation, operates a nursing home licensed by the State of New York under the name Betsy Ross Rehabilitation Center, Inc., located at 1 Elsie Street, Rome, New York, 13440-2556.  At all relevant times, Plaintiff, Betsy Ross Rehabilitation Center, Inc., participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect,

Plaintiff, Betsy Ross Rehabilitation Center, Inc., would have been assessed a penalty of $112,135, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Betsy Ross Rehabilitation Center, Inc. was placed in the fifth quintile.

244.    Plaintiff, RSRNC, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name RSRNC, LLC, located at 90 No. Main Street, Castleton-on-Hudson, New York, 12033-1098.  At all relevant times, Plaintiff, RSRNC, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, RSRNC, LLC, would have been assessed a penalty of $108,563, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, RSRNC, LLC was placed in the fourth quintile.

245.    Plaintiff, HUDSON VIEW NURSING HOME S CORP, a corporation, operates a nursing home licensed by the State of New York under the name Regency Extended Care Center, located at 65 Ashburton Avenue, Yonkers, New York, 10701.  At all relevant times, Plaintiff, Hudson View Nursing Home S Corp, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Hudson View Nursing Home S Corp, would have been assessed a penalty of $59,850, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Hudson View Nursing Home S Corp was placed in the third quintile.

246.    Plaintiff, 112 SKI BOWL ROAD OPERATING COMPANY, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Elderwood at North Creek, located at 112 Ski Bowl Road, North Creek, New York, 12853.  At all relevant times, Plaintiff, 112 Ski Bowl Road Operating Company, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, 112 Ski Bowl Road Operating Company, LLC, would have been assessed a penalty of $59,086, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, 112 Ski Bowl Road Operating Company, LLC was placed in the first quintile.

247.    Plaintiff, LATTA ROAD NURSING HOME EAST, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Latta Road Nursing Home East, LLC, located at 2102 Latta Road, Rochester, New York, 14612-3795.  At all relevant times, Plaintiff, Latta Road Nursing Home East, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Latta Road Nursing Home East, LLC, would have been assessed a penalty of $30,052, attributable to the amount the State would have confiscated under the 5% profits, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Latta Road Nursing Home East, LLC was placed in the second quintile.

248.    Plaintiff, YONKERS GARDENS, a partnership, operates a nursing home licensed by the State of New York under the name Yonkers Gardens Center for Nursing and Rehabilitation,

located at 115 South Broadway, Yonkers, New York, 10701. At all relevant times, Plaintiff, Yonkers Gardens, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Yonkers Gardens, would have been assessed a penalty of $24,069, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Yonkers Gardens was placed in the fifth quintile.

249.    Plaintiff, PENFIELD PLACE, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name Penfield Place, LLC, located at 1700 Penfield Road, Penfield, New York, 14526-2108. At all relevant times, Plaintiff, Penfield Place, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Penfield Place, LLC, would have been assessed a penalty of $23,802, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Penfield Place, LLC was placed in the fifth quintile.

250.    Plaintiff, UTICA CROSSINGS, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name The Pines at Utica Center for Nursing & Rehabilitation, located at 1800 Butterfield Avenue, Utica, New York, 13501-5610. At all relevant times, Plaintiff, Utica Crossings, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Utica Crossings, LLC, would have been assessed a penalty of $16,183, attributable to a penalty assessed

under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Utica Crossings, LLC was placed in the second quintile.

251.    Plaintiff, SAINTS JOACHIM AND ANNE NURSING AND REHABILITATION CENTER, a not-for-profit corporation, operates a nursing home licensed by the State of New York under the name Saints Joachim & Anne Nursing and Rehabilitation Center, located at 2720 Surf Avenue, Brooklyn, New York, 11224.  At all relevant times, Plaintiff, Saints Joachim and Anne Nursing and Rehabilitation Center, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, Saints Joachim and Anne Nursing and Rehabilitation Center, would have been assessed a penalty of $11,207, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Saints Joachim and Anne Nursing and Rehabilitation Center was placed in the fourth quintile.

252.    Plaintiff, THE HURLBUT, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name The Hurlbut, LLC, located at 1177 East Henrietta Road, Rochester, New York, 14623-2616.  At all relevant times, Plaintiff, The Hurlbut, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2019, had Section 2828 been in effect, Plaintiff, The Hurlbut, LLC, would have been assessed a penalty of $7,905, attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, The Hurlbut, LLC was placed in the third

quintile.

253.    Plaintiff, TREETOPS REHABILITATION & CARE CENTER, LLC, is a limited liability company that operates a nursing home licensed by the State of New York under the name North Westchester Restorative Therapy & Nursing, located at 3550 Lexington Avenue, Mohegan Lake, New York, 10547.  At all relevant times, Plaintiff, Treetops Rehabilitation & Care Center, LLC, participated in New York's Medicaid program. Based on its revenues and expenses for 2020, had Section 2828 been in effect, Plaintiff, Treetops Rehabilitation & Care Center, LLC, would have been assessed a penalty of $145,250 attributable to a penalty assessed under the 70%/40% spending mandate, and in the 2020 annual distribution by DOH of quality pool funds pursuant to 10 N.Y.C.R.R. 86-2.42, as described in Paragraph "270" of this Complaint, Treetops Rehabilitation & Care Center, LLC was placed in the fourth quintile.

254.    THE NEW YORK STATE HEALTH FACILITIES ASSOCIATION ("NYSHFA") is a not-for-profit trade association organized under the Not-For-Profit Corporation Law of the State of New York with its main offices located in the City of Albany, New York that represents the legislative, regulatory, and legal interests of its over 300 nursing home members located throughout the State of New York, including the other Plaintiffs in this action.

255.    THE GREATER NEW YORK HEALTH CARE FACILITIES ASSOCIATION ("GNYHCFA") is a not-for-profit trade association with its main offices located in New York City that serves the needs of the long-term care provider community in the greater New York metropolitan area and beyond, and has a membership that includes, *inter alia*, Skilled Nursing Facilities caring for Skilled Nursing Facility patients and for which it acts as a multiemployer collective bargaining agent with Local 1199 of the Service Employees International Union, the

major trade union representing nursing home healthcare workers throughout the State of New York, including licensed professional nurses, certified nursing assistants, housekeeping and maintenance staff.  That multiemployer group includes the following facilities that are plaintiffs in this group:   Eastchester Rehabilitation & Health Care Center; Fairview Nursing Care Center, Inc.; Forest Hills Care Center LLC; Golden Gate Rehabilitation and Health Care Center LLC; Hillside Manor Rehabilitation and Extended Care Center LLC; Hollis Park Manor Nursing Home Inc.; East Northport Residential Health Care Facility, Inc.; Optima Care Little Neck LLC; Manhattanville SBV LLC; Meadow Park Rehabilitation and Health Care Center LLC; Nassau Operating Co. LLC; Meadowbrook Care Center, Inc.; New Glen Oaks Nursing Home, Inc.; New Vanderbilt Rehabilitation and Care Center Inc.; Northern Manhattan Nursing Home Inc; Oceanview Nursing and Rehabilitation Center LLC; Park Gardens Rehabilitation & Nursing Center, LLC; Park Terrace Care Center Inc; Queens Nassau Nursing Home Inc.; River Manor Corp.; AGMA, Inc.; Sea Crest Acquisition I, LLC; Sheepshead Nursing & Rehabilitation Center, LLC; Shore View Acquisition I, LLC; Willoughby Rehabilitation & Healthcare Center LLC; Sunharbor Acquisition I, LLC; Union Plaza Nursing Home Inc.; Dewitt Rehabilitation and Nursing Center Inc.; Optima Care White Plains LLC; Jopal Bronx, LLC; Waterview Acquisition I LLC.

256.   SOUTHERN NEW YORK ASSOCIATION, INC. is a not-for-profit trade association located in the City of New York that represents the legislative, regulatory and legal interests of approximately sixty facilities with approximately 16,000 residential health care facility beds that operate in the southern New York regional area and for which its affiliate acts as a multiemployer collective bargaining agent with Local 1199 of the Service Employees International

Union, the major trade union representing nursing home healthcare personnel throughout the State, including licensed practical nurses, certified nurses' aides, and housekeeping and maintenance staff.  That multiemployer group includes the following facilities that are plaintiffs in this group: Boro Park Operating Co, LLC; Bronx Center for Rehabilitation and Healthcare LLC; Prospect Park Operating LLC; Wartburg Receiver LLC; Haven Manor Health Care Center LLC; Holliswood Operating Co, LLC; Ocean Gardens Nursing Facility, Inc.; Bronx Harbor Health Care Complex, Inc.; SV Operating Three LLC; Suffolk Center Receiver, LLC; DOJ Operations Associates LLC; University Nursing Home, LLC; West Lawrence Care Center, LLC; Williamsbridge Manor Nursing Home, LLC.

## Defendant

257.    Defendant MARY T. BASSETT is the Commissioner of Health of the State of New York with her principal office located in the City and County of Albany, New York, and is responsible for carrying out the duties assigned by law to her and to the New York State Department of Health, and as such she is directed by Public Health Law § 206 to promulgate regulations and enforce the public health law, the sanitary code, and the provisions of the medical assistance program ("Medicaid"), or its successor, and she is being sued in her official capacity under the authority of *Ex Parte Young* and 42 U.S.C. § 1983.

## BACKGROUND

I.    **Nursing Home Revenue Sources and Regulatory Environment**

258.    The Plaintiff nursing homes identified in Paragraphs "16"-"257", inclusive, of this Complaint are also known as "residential health care facilities" as defined in Public Health Law § 2801 of the State of New York, and at all times relevant hereto they have been and currently are

licensed by the Defendant Commissioner of Health to operate at their respective locations in New York State and to provide an array of long-term health and health-related services, including rehabilitation, to sick and elderly patients.

259.    In order to maintain their licenses, the Plaintiff nursing homes must abide by a multitude of statutory requirements related to health, safety and quality of care as set forth in Article 28 of the Public Health Law of the State of New York, and rules and regulations promulgated by the Defendant Commissioner of Health and/or the New York State Public Health and Health Planning Council, a body existing within the Department of Health that is responsible for, among other things, approving the establishment of nursing homes and adopting regulations governing their construction, operations, management, and the reimbursement they are to receive under the State's Medicaid program.  *See* 10 N.Y.C.R.R. Parts 86, and 400-700, inclusive, of Title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York (10 N.Y.C.R.R.).

260.    If the Plaintiffs nursing homes violate any of the provisions of the Public Health or the regulations referred to in the preceding Paragraph, they are subject to a fine up to $5,000 for each violation (N.Y. Public Health Law § 12) or revoke their license to operate (N.Y. Public Health Law § 2806).

261.    Nursing homes, including the Plaintiffs in this action, are reimbursed for the services they provide their patients in a variety of ways, depending on the status of their patients, and more specifically, whether they are (a) private-pay, (b) covered by private third party health insurance, (c) eligible for care under the New York State Medicaid program, (d) eligible for care under the Federal Government's Medicare program, or (e) dually eligible for both Medicare and

Medicaid.

262.    The reimbursement that Plaintiffs nursing homes receive from private-pay patients, or from third-party health insurance companies for patients who have purchased such insurance to cover their care in a nursing home are neither state nor federal funds, and when paid to the nursing homes become the private property of those facilities.

263.    The Medicaid program is a joint federal-state program established pursuant to Title 19 of the Federal Social Security Acts, whereby states, such as New York, that elect to participate therein, are reimbursed in part by the Federal Government (the so-called Federal "Matching Share"), for the costs those states incur in providing health care, including nursing home care, to their citizens who meet both the medical and financial eligibility standards for Medicaid established by federal and state law.

264.    Nursing homes, including all the Plaintiffs in this action, that participate in the Medicaid program, must satisfy the conditions for participation set forth in federal and state law, and execute so-called "provider agreements" with the State of New York in order to participate in the Medicaid program.

265.    If the Plaintiff nursing homes violate any of the conditions of participation in the Medicaid program relating to the quality of care, the Centers for Medicare and Medicaid Services within the U.S. Department of Health and Human Services can impose substantial daily fines (civil monetary penalties), withhold payments, or terminate their participation in the Medicaid program pursuant to 42 U.S.C. § 1396r(h).

266.    In exchange for the services rendered to Medicaid-eligible patients by nursing homes, including the Plaintiffs in this action, nursing homes are reimbursed at rates that are set by

the Defendant Commissioner of Health pursuant to Article 28 of the Public Health Law, and rules and regulations adopted by New York State Public Health and Health Planning Council (a body existing within the Department of Health), that are set forth in Subpart 86-2 of Title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York (10 N.Y.C.R.R. § 86-2.1 *et seq*). Under New York Public Health Law § 2807(3), those rates must be reasonable and adequate to cover the costs nursing homes must incur to comply with federal and state laws and regulations.  Under federal law those rates must be adequate to enlist sufficient provider participation to ensure beneficiaries have access to quality care. 42 U.S.C. 1396a(a)(30)(A).

267.    Under the regulations set forth in Subpart 86-2 and elsewhere, nursing homes, including the Plaintiffs in this action, must file annual reports with the Department of Health in which they must disclose in detail the costs they have incurred during the year in various categories which are broken down into (a) operational costs – including direct, indirect, ancillary and non-comparable costs, and (b) capital costs, such as interest and amortization on mortgages, lease costs, and depreciation on and/or rental of movable equipment.

268.    Such reported costs are then used by DOH to determine, in part, the Medicaid rates to be paid to nursing homes in subsequent years.

269.    In the annual reports nursing homes file with DOH, they must also report the revenues they receive and the sources of those revenues – *e.g.*, private pay, third party health insurers, Medicaid and Medicare.

270.    New York's Medicaid reimbursement methodology for nursing homes also includes a system for enhancing rates paid to facilities that meet certain quality metrics, as set forth in Article 28 of the Public Health Law and regulations (10 N.Y.C.R.R. § 86-2.42) whereby all

nursing facilities in the State are assessed 2% of their rate and then such assessments are deposited into a so-called "Quality Pool" and then redistributed by DOH to those facilities that achieved the highest grades (quintiles 1, 2, and 3), based on a point system that rewards facilities for their performance on certain quality measures.  The money in the quality pool is redistributed among facilities ranked in the top three quintiles, with facilities in the top quintile receiving approximately 44.4% of the total quality pool, facilities in the second quintile receive approximately 33.3%, and facilities in the third quintile receive approximately 22.2% of the total quality pool.

271.    Although the New York State Public Health Law generally provides for an inflation factor to be included in the calculation of the rates, since 2008, the New York State Legislature has enacted a series of budget bills which have eliminated the inflation factor from the calculation of rates.

272.    At the behest of the American Health Care Association, the major national trade association representing nursing homes across the nation, Hunter Hanson and Company, a certified public accounting firm, conducts comprehensive annual national surveys of Medicaid rates set by states across the country, the most recent completed for the 2018 rate year, and found New York State's daily nursing home Medicaid reimbursement rates fell short of costs by an average of $54.77 per patient per day, which is among the highest shortfalls of any State in the Nation.

273.    The Medicare program is a federal health insurance program designed to benefit primarily people aged 65 or older, which was originally enacted by Congress in 1965, pursuant to Title 18 of the Federal Social Security Act (42 U.S.C. § 1395 *et* seq).

274.    Unlike Medicaid, which, although funded in significant part by federal dollars that flow through to the state, and which is managed primarily by the states, the Medicare program is

totally funded and managed by the federal government itself.

275.    While an individual's eligibility to receive Medicaid benefits is determined based on income levels, eligibility for Medicare benefits is mainly based on age.

276.    Among the benefits that are covered under Part A of the Medicare program is skilled nursing care for a limited duration of no more than 100 days for any spell of illness that was preceded by at least a 3-day hospital stay. In addition, under Part B of Medicare, eligible beneficiaries receive extended coverage beyond 100 days for certain services provided by a nursing home, such as diagnostic laboratory tests, X-rays, hospital outpatient services, rehabilitation services like physical therapy, etc.

277.    The rates paid to nursing homes for covered services rendered to eligible Medicare beneficiaries are determined by the federal government, and paid directly to nursing homes, without any involvement by states under what is commonly referred to as a "Prospective Payment System" (PPS).

278.    In order to calculate the prospective payment rates, the federal government utilizes a detailed methodology that takes into account several different items including: Medicare data on allowable costs; a wage index that adjusts rates for area wage differences; the most recent projections of increases in the costs from the skilled nursing facility market basket index; resident assessment and other data that accounts for the relative resource utilization of different resident types; and Medicare Part B skilled nursing facility claims data that reflects amounts payable under Part B for covered services. The funds which the Plaintiff facilities are required to pay back to the State pursuant to Section 2828 are then redistributed to the Quality Pool used to enhance payments to Medicaid providers.   The funds subject to this assessment include Medicare reimbursement

payments from the federal government.

279.     Nursing homes, like the plaintiffs in this litigation, that choose to participate in the Medicare program must execute "provider agreements" with the federal government and agree to abide by a multitude of conditions of participation related to the quality of care as set forth in 42 U.S.C. § 1395i-3 in implementing regulations at 42 C.F.R. Part 483.  Failure to comply with such statutory and regulatory requirements can result in serious consequences, including program termination, withholding of Medicare payments, and substantial civil monetary penalties. See 42 U.S.C. § 1395i-3(h).

280.     The reimbursement received by nursing homes in New York from the Federal Government for the care rendered to eligible Medicare recipients is not state money and, when received, belongs to the nursing homes.

281.     Federal regulations prohibit states from using Medicare funds to underwrite their Medicaid programs. 42 C.F.R. 433.51.

## II.     Effects of Public Health Law § 2828

282.     Beginning January 1, 2022, and pursuant to Public Health Law § 2828, Plaintiff nursing homes that earn operating revenue of 5% or more than their expenses in any year will be required to turn such excess over to DOH, regardless of whether they are in compliance with all applicable federal and state laws and regulations, and regardless of whether they provide quality care.

283.     Beginning January 1, 2022, and pursuant to Public Health Law § 2828, the Plaintiff nursing homes that do not meet either the 70% or 40% spending mandates or both, but which nevertheless are deemed by DOH to be quality providers, will be required to pay back to DOH the

amount of such shortfalls, whereas facilities that do meet the 70% / 40% spending mandates, but fail to meet the standards as quality providers, will not be financially penalized.

284.    Beginning January 1, 2022, and pursuant to Public Health Law § 2828, the Plaintiff nursing homes that seek to meet mandated staffing requirements in the midst of a well-documented nationwide shortage of direct hands-on caregivers will be penalized if they have to hire contract personnel from health care staffing agencies in order to do so, because the costs they incur in engaging such personnel will be discounted by 15% in determining whether they comply with the 70% / 40% staffing mandates.

285.    Beginning January 1, 2022, and pursuant to § 2828 of the Public Health Law, Plaintiff nursing homes that do not meet either the 70% / 40% spending mandate, or which exceed the 5% profits / surplus cap, will have funds they receive from the federal Medicare program for services they have rendered to eligible Medicare patients taken back by DOH, and then redirected by DOH to enhance Medicaid rates for other facilities.

286.    Beginning January 1, 2022, and pursuant to § 2828 of the Public Health Law, many of the plaintiff nursing homes that have entered into collective bargaining agreements, pursuant to the National Labor Relations Act [29 USC § 151 *et seq.*], governing the terms and conditions of employment, will be forced either to add staff and/or raise wages to meet arbitrary spending mandates that are imposed regardless of the quality of care they provide and regardless of their compliance with such agreements.

287.    The 70% / 40% mandate is based on aggregate revenue and expenses for the entire calendar year and compliance depends on factors beyond the Plaintiffs' control, including employee staffing levels and the mix of payor sources.  As a result, Public Health Law § 2828

effectively forecloses the ability to negotiate collective bargaining agreements that are guaranteed to remain in compliance with the 70% / 40% mandate.

288.    Beginning January 1, 2022, and pursuant to Public Health Law § 2828, the Plaintiff nursing homes will be forced to abide by the 70% / 40% spending mandate and the 5% profit / surplus ceiling, notwithstanding the failure of DOH to have adopted regulations implementing the statute as mandated by § 2828, and notwithstanding DOH's failure to file, let alone obtain approval of, a State Plan Amendment from the Federal Centers for Medicare and Medicaid Services.

## CLAIMS FOR RELIEF

### AS AND FOR A FIRST, SEPARATE AND INDEPENDENT CLAIM FOR RELIEF, PLAINTIFFS ALLEGE AS FOLLOWS:

289.    Plaintiffs repeat and reallege each and every allegation heretofore set forth in this Complaint.

290.    The provisions of § 2828 of the New York State Public Health Law are unconstitutional and in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution, insofar as § 2828 mandates the taking of annual profits / surplus in excess of 5% of revenues of the nursing homes, and to the extent § 2828 takes funds from nursing homes that do not meet the 70% / 40% spending mandate, regardless of whether or not they are quality providers, regardless of whether they have sustained losses in prior years, regardless of whether they have a positive or negative net worth, and regardless of whether the resultant rates are adequate to cover costs and ensure beneficiary access to care as required by federal law. Based on the 2019 data, the Plaintiff nursing homes will likely be required to turn over to the State the amounts set forth in Paragraphs "16" through "256" of this Complaint if Section 2828 is implemented.

**AS AND FOR A SECOND, SEPARATE AND
INDEPENDENT CLAIM FOR RELIEF, PLAINTIFFS
ALLEGE AS FOLLOWS:**

291.     Plaintiffs repeat and reallege each and every allegation heretofore set forth in this

Complaint.

292.     Section 2828 violates the Supremacy Clause of the U.S. Constitution to the extent

that it seeks to include in the calculation of the 70% / 40% spending requirements the revenue

received by the Plaintiff nursing homes from the Federal Government for services provided under

the Federal Medicare program and to redistribute such revenue to enhance rates under New York

State's Medicaid program in contradiction of Federal regulations, which prohibit states from using

Federal Medicare funds to subsidize their Medicaid programs. *See* 42 C.F.R. § 433.51.

**AS AND FOR A THIRD, SEPARATE AND DISTINCT
CLAIM FOR RELIEF, PLAINTIFFS ALLEGE AS
FOLLOWS:**

293.     Plaintiffs repeat and reallege each and every allegation heretofore set forth in his

complaint. 295.

294.     By confiscating 5% of any excess profit or surplus Plaintiff nursing homes generate,

and by penalizing such nursing homes for not meeting certain spending thresholds developed by

the Legislature, regardless of the quality of their care they provide, and regardless of their

compliance with State and Federal laws, Defendants have violated the Eight Amendment's

prohibition upon excessive fines.

295.     The 70 / 40 penalties and the 5% excess profit penalty are excessive as they are

grossly disproportionate with respect to those facilities that have been identified by DOH itself as

quality providers.

## AS AND FOR A FOURTH, SEPARATE AND INDEPENDENT CLAIM FOR RELIEF, PLAINTIFFS ALLEGE AS FOLLOWS:

296.     Plaintiffs repeat and reallege every allegation heretofore set forth in this complaint.

297.     Section 2828 violates the due process and equal protection clauses of the Fifth and Fourteenth Amendments because it bears no rational relationship to a legitimate governmental purpose insofar as it arbitrarily and capriciously mandates spending ratios, the taking of profits, and the reduction of staffing costs by 15% for any funds spent on contract staff, regardless of the quality of care nursing homes provide, and because, as applied, it penalizes facilities based solely on their profitability without regard to the quality of care they provide.

## AS AND FOR A FIFTH, SEPARATE AND INDEPENDENT CLAIM FOR RELIEF, PLAINTIFFS ALLEGE AS FOLLOWS:

298.     Plaintiffs repeat and reallege every allegation heretofore set forth in this Complaint.

299.     Section 2828 is preempted by the National Labor Relations Act as it selectively intrudes upon and interferes with the collective bargaining process mandated by the National Labor Relations Act by superimposing artificial and arbitrary spending and staffing mandates on certain nursing homes regardless of the quality of care they provide, thereby forcing those facilities to spend money and/or hire staff over and above what is required by their collective bargaining agreements.

## AS AND FOR A SIXTH, SEPARATE AND INDEPENDENT CLAIM FOR RELIEF, PLAINTIFFS ALLEGE AS FOLLOWS:

300.     Plaintiffs repeat and reallege every allegation heretofore set forth in this Complaint.

301.     Section 2828 may not be enforced because CMS has not approved an amendment

to New York State's Medicaid Plan allowing its implementation as required by the federal Medicaid Act (42 U.S.C. 1396a[a]) and regulations (42 CFR Part 447).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment:

1.       Declaring that § 2828 is unconstitutional, in violation of the Supremacy Clause, the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and is pre-empted by the National Labor Relations Board.

(a)       Permanently enjoining the defendants, their agents and/or successors in office from enforcing § 2828 in any respect; and

(b)       Awarding Plaintiffs the costs and disbursements of this proceeding, and such other and different relief as the Court deems just and appropriate.

DATED:        December 29, 2021                    O'CONNELL AND ARONOWITZ

By:   *s/Cornelius D. Murray*
                Cornelius D. Murray, Esq.
                Bar Roll No. 505329
                *Attorney for Plaintiffs*
                Office & P.O. Address
                54 State Street, 9th Floor
                Albany, NY 12207
                (518) 462-5601
                cmurray@oalaw.com